[No. 12653. In Bank. — December 4, 1888.]

## JOHN APPLEGARTH ET AL., APPELLANTS, *v.* T. J. McQUIDDY ET AL., RESPONDENTS.

CORPORATION FOR IRRIGATING PURPOSES — ORGANIZATION FOR PROFIT — ACTION TO COMPEL DIRECTORS TO ACCOUNT — PLEADING — GENERAL DEMURRER. — In an action by the stockholders to compel the directors of a ditch and canal company to account for losses sustained by the stockholders through the fraudulent failure of the directors to sell the water which flowed through an irrigating canal belonging to the corporation, by distributing the same gratuitously, the complaint must allege that the corporation was organized to sell water for profit, in order to show the violation of an obligation by the defendants; and the mere allegation that it is incorporated under and by virtue of the laws of the state of California to construct a water ditch for irrigating purposes, is insufficient as against a general demurrer.

ID. — PRESUMPTION. — It is not a presumption of law that a corporation organized for irrigating purposes was organized for profit.

FRAUD — PLEADING. — An allegation of fraud is not sufficient, unless the facts alleged are sufficient to constitute a fraudulent breach of duty.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Jarboe, Harrison & Goodfellow,* and *Oregon Sanders,* for Appellants.

*Brown & Daggett,* for Respondents.

FOOTE, C.—This action was brought to compel an accounting from the directors of a ditch and canal company for losses claimed to have been sustained by the stockholders, resulting from the alleged fraudulent failure of the directors to sell the water which flowed through an irrigating canal, and to obtain a judgment for the amount so found due for such alleged failure to sell the water.

A demurrer was filed, setting up that the complaint did not state facts sufficient to constitute a cause of action. There was no direct allegation in the complaint

that the corporation was organized for profit, or that the purposes for which it was incorporated were other than "to construct a water ditch for irrigating purposes in said Tulare County." The court below sustained the demurrer, and the plaintiffs declining to amend the complaint, judgment passed for the defendants, from which an appeal is taken.

The appellants contend that it is a presumption of law that when it is alleged in a complaint, as in this case, that a corporation "is incorporated under and by virtue of the laws of the state of California," that the corporation so mentioned is a corporation organized for profit, and that such an allegation is sufficient to declare that it is so organized.

The proposition thus asserted is not correct, for it may happen that as a matter of fact a corporation incorporated under the laws of this state to operate an irrigating canal is not one designed for profit. It is true that as a matter of evidence, it might be presumed that such a corporation was organized for profit, but such presumption would not necessarily arise as a matter of law.

Because the complaint alleged that the corporation was organized for the purpose of irrigation, would not of itself compel the presumption that the corporation was organized for the purpose of *selling* the water in its canal or ditch for irrigation purposes. It would be entirely legal for an irrigating canal and ditch company to be incorporated to distribute water gratuitously.

If from the allegation of incorporation, as expressed in the complaint, it is not necessarily to be presumed that the purpose for which the corporation was incorporated was to *sell* water for irrigating purposes, then there is nothing contained in the pleading which alleges the violation of any existing obligation on the part of the defendants. Having violated no obligation which was binding on them, they cannot be made to respond in damages for failing to *sell* the water.

The allegation in the complaint with respect to fraud on the part of the defendants is not sufficient; for while it is alleged that the directors fraudulently distributed the water for irrigation purposes by doing so gratuitously, there is no allegation that any duty to *sell* the water rather than to give it away was imposed upon them; hence there were no facts alleged in the complaint which constituted the supposed fraud.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.