[Civ. No. 705. First Appellate District.—December 6, 1909.]

HOWARD J. PERREAU, Administrator of Estate of ELIZA ANN PERREAU, Deceased, Appellant, v. WILLIAM E. PERREAU, Respondent.

ACTION TO ENFORCE TRUST—FORECLOSURE SALE OF MOTHER'S TITLE— PURCHASE BY SON OF MORTGAGEE'S TITLE—PLEADING.—Where a mother, who had mortgaged her property to a bank, became incompetent, and her daughter became guardian of her person and estate, and the mortgagee acquired title under foreclosure against the mother and her guardian, and a son acquired the bank's title by purchase, in an action by the administrator of the deceased mother to enforce a trust against such son, mere vituperative epithets as to his fraudulent purpose in acquiring such title have no force, in the absence of averments of fact which would preclude the son from acquiring a title which once belonged to the mother, but of which she had been fully divested under regular foreclosure proceedings.

ID.—REPRESENTATION OF MOTHER'S TITLE BY GUARDIAN.—The guardian, who represented the incompetent mother's title, was primarily charged with the duty of caring for and protecting the property of her ward, and not the son, who had no official relation to such property.

ID.—DEFENDANT'S CONNECTION WITH FORECLOSURE SUIT AVERRED—DECLARATIONS AFTER TITLE ACQUIRED—TRUST IN TITLE NOT CREATED.—Where the title of the mortgagee is not assailed, and it is not alleged or suggested in the complaint that the son, who acquired the mortgage title by purchase, had any knowledge of or was connected with the foreclosure proceedings prior to his purchase from the bank, the fact that he thereafter concealed from the other children the title acquired by the bank under foreclosure cannot make him a trustee of the bank's title acquired by himself from the bank; and no mere oral declarations, representations or promises made after his purchase with his own money of the title of which the deceased mother had been divested prior to his purchase could impress a trust thereon.

ID.—DEFENDANT'S OBLIGATION TO REDEEM NOT SHOWN.—Where it does not appear that defendant was intrusted with any money of the incompetent person's estate with which he could have paid the mortgage or redeemed from the sale, and the guardian was the only person who could raise money from the property, he cannot be charged, as trustee for such estate of his purchase, with his own funds.

ID.—NO DERELICTION OF DUTY OR FRAUD ALLEGED—CAUSE OF ACTION NOT STATED.—Where the complaint states no facts showing any dereliction of duty on the part of the defendant, and no facts constituting fraud on his part, and it is not even alleged in general terms that he was guilty of any act or omission, wrongful or otherwise, that resulted in the divesting of the mortgagor's title under foreclosure by the bank, the complaint states no cause of action against him.

ID.—PLEADING—FACTS CONSTITUTING FRAUD ESSENTIAL.—The facts constituting fraud or a fraudulent breach of duty must be alleged. The existence of facts constituting fraud cannot be left to depend upon conjecture and inference in a pleading.

APPEAL from a judgment of the Superior Court of Alameda County. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Z. N. Goldsby, for Appellant.

Johnson & Shaw, for Respondent.

HALL, J.—Plaintiff brought this action to obtain a judgment, decreeing that defendant held title to a certain piece of real estate as trustee for the estate of Eliza Ann Perreau, deceased. To plaintiff's second amended complaint defendant demurred upon the ground that the same stated no cause of action. This demurrer was sustained, with leave to plaintiff to file a third amended complaint, which he failed to do, whereupon judgment was entered for defendant. From this judgment plaintiff has appealed, and the only question presented by the record is as to the correctness of the ruling of the court sustaining defendant's demurrer to the second amended complaint.

It appears from the complaint that Eliza Ann Perreau in her lifetime was the owner in fee of a certain described piece of land situate in the city of Oakland. That on the eighteenth day of January, 1897, she mortgaged the same to the Oakland Bank of Savings to secure the sum of $700. She was subsequently, by the superior court of Alameda county, adjudged to be insane, and was thereupon committed to the Hospital for Insane, and thereafter in 1899, by the same court, Mary C. Garrett, a daughter of said insane person, was duly appointed guardian of her person and estate, and duly qualified as such.

Thereafter on the twenty-sixth day of July, 1901, the said Oakland Bank of Savings brought an action against the said Eliza Ann Perreau and Mary C. Garrett, as her guardian, to foreclose said mortgage. In this action judgment by default was taken against the defendants therein on December 4, 1901. The property was regularly sold under this judgment to the Oakland Bank of Savings on the thirteenth day of January, 1902, for the sum of $814.74, and upon the expiration of the time for redemption a deed to said premises was regularly executed to said Oakland Bank of Savings. The value of the property is alleged to be $5,000.

On the twenty-eighth day of August, 1902, defendant, for the consideration of $814.74, obtained a conveyance of said property from said Oakland Bank of Savings to himself. The allegation in the complaint as to this conveyance is qualified by many vituperative adjectives and adverbs as to the fraudulent purposes and intent of defendant, which can have no force as allegations of facts in the absence of alle-

gations of facts that would preclude a son from purchasing property for his own benefit that had once belonged to his mother, but of which she had previously been divested of all interest by deed given upon sale, under judgment given upon regular foreclosure proceedings.

No attempt is made in the complaint to impeach the regularity or validity of the foreclosure proceedings, or the title acquired by the bank thereunder, so far as the bank is concerned. It is alleged in the complaint that said Eliza Ann Perreau died intestate on the eighteenth day of December, 1903, leaving surviving her as her only heirs at law five adult children, including plaintiff, defendant, and Mary C. Garrett, who had been her guardian, and thereafter on the twenty-second day of April, 1907, plaintiff was appointed administrator of her estate.

As to defendant, it is further alleged, apparently in an attempt to charge him with some duty to account to his mother or her estate for the property conveyed to him by said bank, "that long after the said sale of said mortgaged premises, and the conveyance thereof to said bank, and after the conveyance thereof by said bank to said defendant," he represented to the children of said mortgagor other than himself that said mortgage had not been foreclosed and "did then and there willfully, intentionally and fraudulently conceal and keep from said mortgagor and from said other children of (said) mortgagor, any and all knowledge or information of the said foreclosure and sale to the said bank and the said conveyance by said bank to said defendant."

It is further alleged that defendant "concealed said facts for the purpose and with the intent of deceiving, misleading and defrauding said mortgagor, and in the event of her death of defrauding her estate and heirs at law. . . . That at the same time it was mutually understood and agreed by and between the said children of said mortgagor . . . and the said defendant, that he, the said defendant, should and would control and manage the property of said mortgagor, and the whole thereof, in and for the best interests of the said mortgagor during her lifetime, and of her estate in the event of her death, and of all parties interested therein."

It will be observed that the representations and agreements alleged in this paragraph of the complaint occurred

long after the sale to the bank and after the conveyance by said bank to defendant, and apparently before the death of the said mortgagor. At this time, so far as any allegations in the complaint are concerned that we have thus far considered, the said mortgagor had been divested of all right, title and interest in the premises, and without fault or dereliction of duty on the part of defendant. It is not alleged or suggested in the complaint that he had any knowledge of or was connected with the foreclosure proceedings prior to his purchase from the bank. After this it is alleged that he concealed from the other children the fact of the foreclosure. How he could do this, as to Mary C. Garrett, who was the guardian of the mortgagor, and as such, a party to the foreclosure suit, and necessarily served with process therein, it is difficult to understand. She it was who, as guardian, represented the mortgagor, and as such guardian was primarily charged with the duty of caring for and protecting the property of her ward. No mere oral declarations, representations or promises, made by defendant after he had acquired by purchase with his own money the property of which plaintiff's intestate had been regularly and without fault of defendant divested prior to his purchase, could impress a trust thereon. (Code Civ. Proc., 1971; *Smith* v. *Mason,* 122 Cal. 426, [55 Pac. 143].)

This brings us to the consideration of the only allegation in the complaint that charges or attempts to charge defendant with any duty in respect to the property of his mother. Quite out of its proper chronological order in the complaint, and after the allegations that we have heretofore examined, we find in paragraph XII of the complaint this allegation: "That after the said Eliza Ann Perreau was adjudged an insane and incompetent person, the said other children and heirs at law of the said Eliza Ann Perreau (now deceased), and each of them, and at all times thereafter until after the death of said Eliza Ann Perreau. trusted and confided the said property hereinbefore described, and all the property rights and interests of said Eliza Ann Perreau in her lifetime, and of her estate after her death, to him, the said defendant, William E. Perreau, and he, the said William E. Perreau, promised and agreed at all times that he would care for, attend to, protect and preserve the said property, and the whole thereof,

for and on behalf of the said Eliza Ann Perreau, during her life, and in and for the best interests of her estate after her death, and for the mutual interests of the said children and heirs at law, and of all of them, after the death of their said mother.''

The allegations of this paragraph, considered as matters upon which to predicate a charge of fraud, are in several respects quite general and vague. It is alleged that the ''other children and heirs at law of Eliza Ann Perreau'' trusted and confided the property to defendant. This action, it must be remembered, is brought by the administrator of the estate of decedent. The only one of her children who had authority to represent her or to intrust and confide her property to anyone, was Mary C. Garrett, her guardian. In the face of a general demurrer it may perhaps be conceded that the allegation sufficiently informs the court in connection with the other allegations of the complaint that at all times after Eliza Ann Perreau had been adjudged an incompetent her guardian trusted and confided her property to defendant. The allegation that he ''promised and agreed at all times that he would care for, attend to, protect and preserve the said property'' is also somewhat vague and indefinite, both as to when he made the promise and as to the person to whom he made it. But applying the same liberal construction, we may assume that it sufficiently alleges a promise made to the legal representative of the incompetent, to wit, her guardian, and that it was made after the appointment of such guardian and before the foreclosure proceedings.

Thus conceding that the allegations of this paragraph sufficiently charge defendant with a duty in regard to the property of the said mortgagor, we look in vain for any direct or sufficient allegation of any fraudulent dereliction of such duty. It is not alleged that he had any notice of the foreclosure proceedings prior to the conveyance of the property to him. It does not even appear from any allegations of the complaint that he had any knowledge of the existence of the mortgage prior to his purchase of the property from the bank. Although Mary C. Garrett, as the guardian of the incompetent, was a party to the action, and must necessarily have been served with process, she did not, so far as the complaint charges, give notice thereof to defendant, but apparently

without any action whatever permitted judgment to be taken by default and the property to be sold thereunder.

It does not appear that defendant had any money of the incompetent with which he could have paid the mortgage or redeemed from the sale. Mary C. Garrett, as guardian, is the only person who had any authority to raise money on the property itself. It does not even appear that defendant had any money of his own prior to his purchase with which he could have paid the mortgage or redeemed from the same.

There are no allegations of facts in the complaint that directly or at all charge defendant with any dereliction of duty that resulted in the foreclosure, sale and conveyance to the bank. It is not even alleged in general terms that he was guilty of any act or omission, wrongful or otherwise, that resulted in the divesting of the mortgagor's title. The facts constituting fraud or a fraudulent breach of duty must be alleged. The existence of facts constituting fraud cannot be left to depend upon conjecture and inference in a pleading. (*Albertoli* v. *Branham,* 80 Cal. 631, [13 Am. St. Rep. 200, 22 Pac. 404] ; *Applegarth* v. *McQuiddy,* 77 Cal. 408, [19 Pac. 692] ; *People* v. *McKenna,* 81 Cal. 158, [22 Pac. 488].)

The bank having acquired a perfect title as against the mortgagor, without fault of defendant, no reason exists why defendant could not subsequently purchase with his own money for his own benefit the property.

The court did not err in sustaining defendant's demurrer, and plaintiff, having declined to further amend his complaint, judgment was properly entered against him.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.