122  426
d141  391

[Sac. No. 402.  Department One.—November 26, 1898.]

MAUD SMITH, Appellant, v. HANNAH MASON, Respondent.

TRUST—EXPRESS TRUST IN LAND CANNOT BE ESTABLISHED BY PAROL EVIDENCE.—An express trust in land cannot be established by evidence of the oral declarations of the alleged trustor respecting his purpose in executing the deed therefor, or of oral admissions of the alleged trustee relative to the title of the plaintiff in the land.

ID.—DEED FROM FATHER TO DAUGHTER—CONSTRUCTIVE TRUST—PRESUMPTION.—The mere fact that a deed was made from a father to his daughter, without consideration, is not sufficient to raise a presumption of fraud, nor to raise a resulting trust in favor of other children of the grantor.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion.

W. C. Green, and Gibson & Ramage, for Appellant.

Nicol & Orr, for respondent.

BRITT, C.—Plaintiff and defendant are members of a family of five children who survive their father, one Daniel Hoover, deceased. Said Hoover died November 30, 1891; about seven months previously he made to his eldest daughter, Hannah, the defendant here, a deed in form an absolute conveyance of a parcel of land on which he then resided with his said family. In plaintiff's complaint it is substantially alleged that at the date of such deed said Daniel was sick and expected early dissolution; that he reposed great confidence in said Hannah Mason, then Hannah Hoover, and because thereof, and in order to save expenses of administration, he signed and acknowledged said deed to her, with directions that she should hold the land described therein in trust for the benefit of herself and his other children, and convey to them their respective interests, etc.; that the deed was without consideration; that it was never delivered by the grantor, but that defendant obtained possession of the same after his death and claims title thereunder in her-

self and repudiates the trust. It is prayed that the deed be adjudged void, or that defendant be declared a trustee for plaintiff, et cetera. The answer of defendant put in issue the more material allegations of the complaint. We do not find it necessary to consider the point made by respondent that the averment in the complaint of nondelivery of said instrument precludes the assertion of a trust which must rest on the instrument as a deed delivered. There was evidence at the trial that it was delivered by Daniel Hoover to the defendant on the day of its date, and the court so found.

Plaintiff offered evidence of declarations of Daniel Hoover, uttered orally, regarding his purpose in executing said deed, and of oral admissions of defendant relative to her title in the land. Such evidence was rightly rejected by the court. Our statute of frauds forbids an express trust in lands to be created or declared otherwise than by a written instrument. (Civ. Code, sec. 852; Code Civ. Proc., sec. 1971; *Hasshagen v. Hasshagen*, 80 Cal. 514; *Doran v. Doran*, 99 Cal. 311; *Moore v. Hamerstag*, 109 Cal. 122.)

It seems to be contended that the court erred in refusing to admit proof of a constructive trust, or to find such a trust from the evidence which was admitted. Allowing that any evidence offered or received had a tendency to establish a trust of that nature (which is not clear), it was yet irrelevant to the case before the court on the pleadings; for leaving out of view the question of delivery of the deed, found in defendant's favor, the complaint contains no showing of other circumstances from which a trust arises by construction of law—as distinguished from one express. It is not alléged that Daniel Hoover was in any respect incompetent to execute the deed to defendant, nor that he at all mistook its contents, nor that defendant procured it by means of undue influence or fraudulent promises, or, indeed, that she made any effort whatever to obtain it. The fact that the instrument was made from father to daughter, and the alleged fact that it was without consideration, do not in and of themselves raise a presumption of fraud nor suffice to raise a resulting trust in favor of other children of the grantor. (*Tillaux v. Tillaux*, 115 Cal. 663; *Emmons v. Barton*, 109 Cal. 671; *Soberanes v. Soberanes*, 97 Cal. 140; *Francis v. Wilkinson*, 147 Ill.

370; Perry on Trusts, sec. 201; Civ. Code, sec. 1040.) The judgment should be affirmed

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Garoutte, J., Van Fleet, J., Harrison, J.