[Sac. No. 3437. In Bank.—August 17, 1923.]

LEVI COHN et al., Respondents, v. LENA GOODDAY, as Administratrix, etc., et al., Appellants.

[1] TRUSTS—CONVEYANCE FROM TRUSTEE—KNOWLEDGE OF GRANTEE—CONSTRUCTIVE TRUST.—Where the holder of the legal title to property is himself a trustee thereof under either a valid express or constructive trust and conveys the same to a grantee having full knowledge of the existence of said trust, and the latter with such

knowledge takes a deed absolute in form to the property but with no other consideration than his oral promise to undertake the fulfillment of the trust, the burden of a constructive trust is cast upon the grantee of such a conveyance.

[2] Id.—Absolute Deed from Trustee—Knowledge of Grantee—Distribution of Residue of Trust Property—Oral Agreement—Constructive Trust.—A grantee in a deed absolute in form to property which was originally impressed with an express trust in favor of his father and stepmother for the payment of specified sums of money during their lifetime and in favor of his brothers and sisters, including himself, for the distribution of the residue of said property after the death of his father and stepmother, which distribution it was orally agreed between said brothers and sisters after the death of the father and stepmother should await the death of one of the sisters, or a shorter period, it being further orally agreed that the then trustee should in the meanwhile make payments to said sister, is a voluntary trustee of a constructive trust in favor of his brothers and sisters, where such grantee, with knowledge of the existence of the trust, takes said deed, after the trust has been carried out by preceding trustees, from his grantor, who is also a trustee, with no other consideration than his oral promise to undertake the fulfillment of the trust.

[3] Id.—Constructive Trust—Blood Relationship Between Parties—Knowledge.—The fact that such grantee occupied at the time of the conveyance to him a confidential relation to his brothers and sisters, arising out of his fraternal tie, while it furnishes a reason for his assumption and fulfillment of the terms of the original trust, was not essential either to its creation or validity, since his trusteeship arose, not out of those relations, but out of the fact that he had taken over the trust property with full knowledge of the trust by which it was burdened and with no other consideration than his agreement to fulfill the conditions of the trust.

[4] Id.—Payment of Trust Money—Oral Agreement—Effect upon Express Trust.—The fact that the oral agreement between the brothers and sisters to pay trust moneys to one of the sisters after the death of the stepmother may or may not have been a valid trust is, so far as a constructive trust is concerned, immaterial, since the only effect of this added oral attempt to change the direction of the fund theretofore paid to the stepmother so as to render the same payable to said sister was merely to postpone the final distribution of the trust property to the beneficiaries thereof under the original trust until such time as said sister should die or as her necessities should cease.

[5] Statute of Limitations — Trusts — Title—Action to Compel Conveyance—Sections 318 and 343, Code of Civil Procedure.—

An action to have it declared that a deceased person during his lifetime held and that the defendants as his successors in interest hold the legal title to described real estate in trust to convey the same to the plaintiffs and that the latter be adjudged the owners of an undivided seven-ninths thereof and that said defendants be by the judgment of the court required to execute and deliver a deed or deeds conveying to said plaintiffs their respective shares in said real estate, is in effect an action for the recovery of real property within the meaning of section 318 of the Code of Civil Procedure, and hence section 343 of the Code of Civil Procedure has no application to such an action.

[6] TRUSTS—VOLUNTARY CONSTRUCTIVE TRUST—REPUDIATION—STATUTE OF LIMITATIONS.—The trust in question was a voluntary constructive trust against the enforcement of which the statute of limitations would not commence to run until there had been a repudiation thereof by the trustee.

[7] ID.—ACTION TO ESTABLISH—LACHES—EVIDENCE.—In an action by the brothers and sisters of the deceased grantee against his successors in interest to have it declared that the deceased during his lifetime held and that his successors hold the legal title to certain real estate in trust to convey the same to plaintiffs and that the latter be adjudged the owners of an undivided seven-ninths thereof and that the defendant be by the judgment of the court required to execute and deliver a deed or deeds conveying to said plaintiffs their respective shares in said real estate, the plaintiffs had a right to rely upon their brother's acceptance and faithful administration of the trust he had assumed, and their failure to insist upon a division of the trust property during the long years of his devotion of its proceeds to the care of their ill and indigent sister cannot be attributed as a fault or held to defeat their cause of action.

[8] ID.—DECEASED BENEFICIARY—RIGHT OF ESTATE TO SHARE—ORAL AGREEMENT—EVIDENCE.—In such an action, the estate of the sister to whom payments were made during the administration of the trust was entitled to receive her share in the residue, where the evidence showed that the oral agreement was that she should stand in the shoes of her stepmother in the matter of receiving payments and that when they ceased by reason of her death or the cessation of her necessities the residue of the trust property was to be divided in accordance with the terms of the original trust, that is to say, the residue was to be divided share and share alike among all the brothers and sisters.

7. Laches which will defeat relief after repudiation of express trust, notes, 3 Ann. Cas. 200; 5 L. R. A. (N. S.) 986.

[9] ID.—PLEADING—ACCOUNTING—APPEAL.—In such an action, the de-
fendants are not in position to insist for the first time on appeal
that the trial court should have ordered and had a full account-
ing of all of the trust property from the inception of the original
trust to date before attempting to distribute that portion thereof
which consists of real estate and which is the subject of the in-
stant action, where the parties presented no such issue in their
pleadings but were content to confine the relief sought to the
residue of the real estate which was the subject of the original
trust.

APPEAL from a judgment of the Superior Court of
Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Norman A. Eisner for Appellants.

Bond & Deirup for Respondents.

RICHARDS, J., *pro tem.*—This appeal is by the defend-
ants from a judgment in plaintiffs' favor in an action to
establish a trust in certain real estate and compel convey-
ances of certain interests therein to the plaintiffs. The facts
of the case are in the main undisputed and may be sum-
marized as follows: In the year 1895 one Hirsh Cohn was the
owner of the real estate involved in this action. He was the
father of Levi Cohn, Edith Fisher, Charles Cohn, Harry
Cohn, D. S. Cohn, Amelia Cohn, Sarah Schwartz, Lena
Goodday, and Abe Cohn, and was the husband of Henrietta
Cohn, who was the stepmother of his aforesaid children.
On April 19, 1895, Hirsh Cohn and his wife, Henrietta Cohn,
joined in a deed to Levi Cohn and Charles Cohn, two of the
former's said sons, conveying the said real estate to them
and also executed a bill of sale transferring to his said two
sons certain personal property which is not involved in this
action. The said two sons of Hirsh Cohn thereupon and
of even date with said instruments executed a declaration
of trust affecting both forms of said property whereby they
obligated themselves to pay to Hirsh Cohn during his life-
time the sum of $125 a month and also to pay to their step-
mother, Henrietta Cohn, if she survived their father, the
sum of $75 monthly during her lifetime; and to deliver the
residue of said property after the death of said Henrietta

Cohn to the aforesaid nine children of Hirsh Cohn by his first wife, share and share alike. The said trustees were empowered by said instruments to administer, sell, and convey said property. In January, 1896, a further agreement was executed between the parties to the express trust thus created by which it was agreed that Charles Cohn should become and be the sole trustee thereunder and that Levi Cohn should be released from the duties and obligations of said trust. A conveyance was thereupon made of an undivided one-half of said real estate by Levi Cohn to Charles Cohn pursuant to such latter agreement and thereafter Charles Cohn proceeded to perform the conditions of said trust by the payment to his father of the monthly sum specified therein until the latter's death in May, 1899, and thereafter by the payment to Henrietta Cohn, his widow, of the monthly sum of $75 until her death in September, 1902. Upon the death of Henrietta Cohn the said nine children of Hirsh Cohn became entitled to the residue of the trust property in equal shares according to the terms of the trust. It appeared, however, that Sarah Schwartz, one of the beneficiaries of said trust and a sister of the remaining beneficiaries thereof was then in ill health, in danger of becoming blind, and was without adequate means of support and that her share in the property derivable from said trust would not be sufficient for her maintenance. In consequence of these conditions all of her sisters and brothers, the other beneficiaries of said trust, orally agreed between themselves and with her and also with said trustee that the property should not be distributed at said time but should remain in the hands of said trustee and that he should pay out of the funds derived from the further administration thereof to Sarah Schwartz the sum of $75 per month, or more if necessary, for her support as long as she lived or until such time as she should no longer be in need of the same and that the property should await distribution under the terms of said trust until said time. In July, 1903, it was deemed advisable by all of the parties concerned that the real property affected by said trust should be transferred by Charles Cohn to Harry Cohn and that he should assume the obligations of said original trust and also the superadded oral obligation with regard to Sarah Schwartz. All of the parties having orally agreed to this transfer, Charles Cohn conveyed the said real estate to his

brother, Harry Cohn, by a grant deed absolute in form, and thereafter Harry Cohn administered the same according to the terms of the written trust and oral understanding of the parties, until April 5, 1906, when it again seemed advisable to all of the interested parties that Harry Cohn should transfer said real estate to his brother, Abe Cohn, and that he, in turn, should assume to carry into effect the obligations of the trust. In accordance with the oral agreement of the parties to that effect, Harry Cohn conveyed to Abe Cohn the said real estate by a grant deed absolute in form and thereupon Abe Cohn undertook and thereafter continued to carry into effect the terms of the original trust and the oral understandings of its beneficiaries with respect to the monthly payments to be made to Sarah Schwartz up to the time of her death in the year 1918. Abe Cohn, himself, died a little more than a year after the death of his sister, Sarah Schwartz, and never during his lifetime denied that he held said real estate subject to whatever trust existed or continued by virtue of the original agreement between his father, Hirsh Cohn, and his elder brother, Charles Cohn, and also subject to whatever obligation was created by the oral understandings of his brothers and sisters as to the payment of the proceeds of said property to the extent of $75 monthly to Sarah Schwartz during her lifetime. After the death of Abe Cohn, his sister, Lena Goodday, who had become the executrix of his will by the terms of which he had bequeathed to her daughters the residue of his estate, denied the existence of any trust in Abe Cohn to convey the residue of said real estate to the plaintiffs herein and thereupon plaintiffs herein commenced this action against said Lena Goodday, as executrix of the last will and testament of Abe Cohn, and also against herself and her said husband, M. Goodday, individually, to establish and enforce the provisions of said original trust to have themselves declared to be the owners of an undivided seven-ninths of said real estate and to compel a conveyance thereof to that extent to them. To the complaint of said plaintiffs setting forth, in substance and with somewhat more of detail, the foregoing facts, the said defendants interposed a general and special demurrer among the several grounds of which was a plea that the cause of action was barred by the provisions of section 343 of the Code of Civil Procedure. The de-

murrer being overruled, the defendants answered, denying most of the averments of said complaint for want of information or belief, and particularly denying that Abe Cohn during his lifetime held the title to said real estate subject to the trusts set forth therein and affirmatively averred that any such trust as was alleged therein was void under the provisions of section 852 of the Civil Code and section 1973 of the Code of Civil Procedure. The defendants also averred that the plaintiffs' cause of action was barred by the provisions of section 343 of the Code of Civil Procedure. They further pleaded the defense of laches on the part of plaintiffs in the institution of the action. Upon the trial and submission of the cause upon the issues thus framed the trial court made its findings of fact and conclusion of law wherein it found *seriatim* that all of the allegations of the twenty-five paragraphs of the plaintiffs' amended complaint were true and also that each of the twenty-seven paragraphs of the defendants' answer were untrue; and as a conclusion of law from the foregoing findings of fact, the trial court found that the cause of action set forth in the plaintiff's amended complaint was not barred by the plaintiffs' laches or delay in the institution of said action nor by the statute of limitations and that the trust as averred in said complaint was not void under the provisions of section 852 of the Civil Code, or of section 1973 of the Code of Civil Procedure, but in all respects a valid and existing trust enforceable against the estate of Abe Cohn, deceased. Judgment was accordingly ordered and entered in the plaintiffs' favor for the relief demanded in their said complaint together with costs. From such judgment the defendants have taken and prosecuted this appeal.

The first contention of the appellants is that the plaintiffs' amended complaint is insufficient to allege and that the evidence in the case is insufficient to establish that the defendants' deceased testator, Abe Cohn, was the trustee of an expressed trust. This contention which is based upon the provisions of section 852 of the Civil Code defining express trusts in real estate may be conceded to be well founded and is in fact not very seriously disputed by the respondents herein. The appellants having thus established this contention proceed to argue that the plaintiffs' amended complaint is insufficient to aver and that the proofs are insufficient to

show that Abe Cohn, their deceased testator, was the trustee of a constructive trust affecting the said real estate. The defect in said complaint according to the appellants' contention is that it fails to allege the existence of such a confidential relation between Abe Cohn and his brothers and sisters, the children of Hirsh Cohn, as would suffice to give rise to a constructive trust based upon the grant to him of the property in question and upon his oral agreement of even date with such grant to hold the said property subject to the trust of devoting a definite portion of its proceeds to the care and maintenance of Sarah Schwartz during her lifetime and of delivering over the residue of the property to the rest of his brothers and sisters upon the death of Sarah Schwartz.

This contention on the part of the appellants is based upon the proposition that the relation existing between brothers and sisters is not in itself, and merely because of their blood ties, sufficient to create the presumption or sustain the finding that a constructive trust was or could be created by oral understandings between them at the time of the execution of a deed absolute in form to the one of them sought to be charged with the relations and duties of a trustee and the others affecting the property so conveyed and in the absence of the allegation and proof of fraud. It is true the district court of appeal so held in the case of *Bacon* v. *Soule,* 19 Cal. App. 428, 434 [126 Pac. 384], and that it was justified in so holding by what was said by this court in *Odell* v. *Moss,* 130 Cal. 352, 356 [62 Pac. 555] ; and appellants argue that this being so and the complaint herein having alleged no actual fraud on the part of Abe Cohn in taking the deed absolute in form to the property in question and the evidence having shown no such fraud, the plaintiffs' pleadings and proof are insufficient to sustain the finding of the trial court to the effect that Abe Cohn held the property in question in trust for the purposes set forth in said complaint.

The difficulty with the appellants' contention in this regard consists in the fact that this is not one of those constructive trusts which depend upon the existence of confidential relations between the grantor and the grantee of the conveyance or between the grantee thereof and others who might be the beneficiaries of such a trust; nor is this a case which comes within the rule laid down in *Smith* v. *Mason,*

122 Cal. 426 [55 Pac. 143], or *Sheehan* v. *Sullivan,* 126 Cal.
189 [58 Pac. 543], or the other cases cited by the appellants
as sustaining their contention. This is not the case of the
owner in fee simple of a tract of land conveying it by deed
of gift absolute in form to a grantee or grantees upon an
oral understanding as to the creation of a trust in the real
estate conveyed. **[1]** This is a case wherein the holder
of the legal title to the property is himself a trustee thereof
under either a valid express or constructive trust and who
conveys the same to a grantee having full knowledge of the
existence of said trust and who with such knowledge takes
a deed absolute in form to the property but with no other
consideration than his oral promise to undertake the ful-
fillment of the trust. In such a transaction the burden of
a constructive trust is cast upon the grantee of such a con-
veyance. The rule upon this subject is thus stated in Perry
on Trusts and Trustees, sixth edition, section 217, wherein
the learned author says: ''Another large class of construc-
tive trusts arises from purchases or conveyances from trus-
tees or other persons holding a fiduciary relation to property.
It is a universal rule that if a man purchases property of a
trustee with knowledge of the trust he shall be charged with
the same trust in respect to the property as the trustee from
whom he purchased.'' (Citing a long line of authorities.)
The supreme court of this state early recognized this to be
the rule in this class of cases and applied it in *Eversdon*
v. *Mayhew,* 65 Cal. 163 [3 Pac. 641], *Scrivner* v. *Dietz,* 84
Cal. 295 [24 Pac. 171], and in the quite recent case of
*Lamb* v. *Lamb,* 171 Cal. 577, 580 [153 Pac. 913]. This
salutary rule has the fullest application to the facts of the
case at bar. The appellants do not question the validity of
the original trust created by Hirsh Cohn and of which his
son Charles Cohn was the trustee of an express trust.
Charles Cohn, as trustee, conveyed the property to his
brother, Harry Cohn, by grant deed, having no other con-
sideration than that the latter would accept and faithfully
perform the terms and conditions of the trust of which he
was himself one of the beneficiaries, and of the nature and
burdens of which he was fully aware. Harry Cohn thus
became the voluntary trustee of a constructive trust and
faithfully fulfilled its conditions for a season and then trans-
ferred the property by grant deed absolute in form to his

brother, Abe Cohn, who, like himself, was a beneficiary of the original trust and was familiar with its terms and who took over the property upon no other consideration than that of his promise to carry said trust into effect. **[2]** He thus also became and continued during his lifetime to be the voluntary trustee of a constructive trust under the rule above laid down. **[3]** The fact that he occupied at the time of the conveyance to him a confidential relation to his brothers and sisters, arising out of his fraternal tie, while it furnishes a reason for his assumption and fulfillment of the terms of the original trust, was not essential either to its creation or validity since his trusteeship arose, not out of those relations, but out of the fact that he had taken over the trust property with full knowledge of the trust by which it was burdened and with no other consideration than his agreement to fulfill the conditions of the trust. He thus assumed and thereafter continued to bear the burden with the benefit of the grant. The cases relied upon by the appellants touching the origin and validity of involuntary constructive trusts have no application to the facts of the case at bar.

The voluntary constructive trust which the appellants' testator, Abe Cohn, assumed in taking over the trust property from his brother, Harry Cohn, on April 5, 1906, was primarily the trust to administer and to distribute the residue of the trust property among his brothers and sisters in accordance with the terms of the original express trust created by the transaction between Hirsh Cohn and his two sons, Levi Cohn and Charles Cohn, the obligations of which the latter expressly assumed upon the retirement of Levi Cohn from the trusteeship and which obligations were cast upon Harry Cohn by the conveyance to him of said property and which he, in turn, cast upon Abe Cohn by the like transfer of the trust property to him. In the meantime the stepmother, Henrietta Cohn, had died and the portion of said trust requiring the monthly payment of $75 to her had ceased to be effective but a new condition had arisen out of the needs of Sarah Schwartz, the sister of both the trustee and the beneficiaries of the trust, which seemed to her brothers and sisters to justify the continuance of the trust in being and the payment to her of the sum formerly paid monthly to their stepmother. This was orally agreed to by

all of the parties and was accepted and carried into effect by the then trustee, Harry Cohn, up to the time of his transfer of the trust property to his brother, Abe Cohn, and by the latter thereafter. In taking over the said property Abe Cohn not only accepted the obligation of the original trust still in full force and effect but accepted also orally the additional burden of the payment of the said monthly sum to said Sarah Schwartz according to the oral agreement of all of the parties concerned. This latter burden may not have been legally imposed under the strict rule relating to the creating of trusts in real estate as laid down in the cases of *Smith* v. *Mason,* 122 Cal. 426 [55 Pac. 143], *Sheehan* v. *Sullivan,* 126 Cal. 189 [58 Pac. 543], *Doran* v. *Doran,* 99 Cal. 311 [33 Pac. 929], *Feeney* v. *Howard,* 79 Cal. 525 [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984], *Barr* v. *O'Donnell,* 76 Cal. 469 [9 Am. St. Rep. 242, 18 Pac. 429], *Brison* v. *Brison,* 75 Cal. 525 [7 Am. St. Rep. 189, 17 Pac. 689], and the other cases cited by the appellants. [4] But the fact that it may or may not have been a valid trust under these authorities is, as to this branch of the case, immaterial, since the only effect of this added oral attempt to change the direction of the fund theretofore paid monthly to Henrietta Cohn so as to render the same payable to Sarah Schwartz was merely to postpone the final distribution of the trust property to the beneficiaries thereof under the original trust until such a time as Sarah Schwartz should die or as her necessities should cease. Whether this diversion of this portion of the trust fund was legal or not cannot affect the legality of the portion of the original trust remaining in effect after the death of Henrietta Cohn and which is the only portion thereof which the plaintiffs herein are seeking to enforce in this action.

[5] The appellants' next contention is that this action is barred by the statute of limitations. The only section of the Code of Civil Procedure which the defendants pleaded in their demurrer and also by their answer as constituting a bar to the maintenance of this action was section 343 thereof, which section provides that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." The present action is in form an action to have it declared that Abe Cohn during his lifetime held and that the defend-

191 Cal.—40

ants herein as his successors in interest hold the legal title to the real estate in question in trust to convey the same to the plaintiffs herein and that said plaintiffs be adjudged the owners of an undivided seven-ninths thereof and that said defendants be by the judgment of the court required to execute and deliver a deed or deeds conveying to said plaintiffs their respective shares in said real estate. It is thus in no material respect to be distinguished from the case of *Bradley Bros.* v. *Bradley,* 20 Cal. App. 1 [127 Pac. 1044], which was an action to have it adjudged that the defendant held the title to certain real estate as a trustee for the plaintiff and that the legal title thereto be conveyed to him. Section 343 of the Code of Civil Procedure was pleaded in bar of that action but that court held that said action was one to determine the ownership of the property in dispute and to compel a conveyance of the title thereto to the rightful owners thereof and was, therefore, an action for the recovery of real property within the meaning of section 318 of the Code of Civil Procedure, and hence that section 343 of the Code of Civil Procedure had no application to that form of action. A petition for a rehearing of said cause was denied by this court. The present case is also indistinguishable from the case of *Hillyer* v. *Hynes,* 33 Cal. App. 506 [165 Pac. 718], which was an action to enforce a constructive trust and to compel a conveyance of the legal title to the beneficiary thereof and which the court held to be in effect an action for the recovery of real property to which the provisions of section 318 of the Code of Civil Procedure had application and to which the provisions of section 343 of said code could not be applied. The court cited in support of its said conclusion the case of *Bradley Bros.* v. *Bradley, supra,* and also the case of *Murphy* v. *Crowley,* 140 Cal. 141 [73 Pac. 820]. In this latter case the action was one wherein it was sought to have the defendant declared a trustee for the plaintiff as to certain real estate and to quiet the plaintiff's title thereto; and this court after a very full review of the authorities held it to be an action for the recovery of real property which was not barred by the provisions of section 318 of the Code of Civil Procedure. The defendants herein have not pleaded the bar of section 318 of the Code of Civil Procedure and hence upon these authorities have not sufficiently pleaded

the defense of the statute of limitations in bar of the present action. [6] But even had they done so or if section 343. of the Code of Civil Procedure could be given application to this form of action, we are satisfied that upon the facts of this case the trust sought to be established and enforced in this action was a voluntary constructive trust against the enforcement of which the statute of limitations would not commence to run until there had been a repudiation thereof by the trustee. (*Lamb* v. *Lamb,* 171 Cal. 577, 581 [153 Pac. 913]; *Cooney* v. *Glynn,* 157 Cal. 583 [108 Pac. 506]; *Odell* v. *Moss,* 130 Cal. 352 [62 Pac. 555]; *Butler* v. *Hyland,* 89 Cal. 575 [26 Pac. 1108]; *Roach* v. *Caraffa,* 85 Cal. 436 [25 Pac. 22].) There was no such repudiation. On the contrary, Abe Cohn as such trustee was faithful to the trust during his life. Its attempted repudiation by the appellants, Lena Goodday, as executrix of his last will and testament, and by Lena Goodday and M. Goodday, as devisees under said will, occurred only a short while before the commencement of this action.

[7] The defense of laches is wholly without merit. The plaintiffs had a right to rely upon their brother's acceptance and faithful administration of the trust he had assumed, and their failure to insist upon a division of the trust property during the long years of his devotion of its proceeds to the care of their ill and indigent sister cannot be attributed as a fault or held to defeat their present cause of action.

[8] The appellants further urge that the estate of Sarah Schwartz is not entitled to receive the equal share of the trust property assigned to it by the judgment of the trial court, for the reason that during her lifetime she received in the monthly sums paid her by the trustee much more than her said share would have amounted to. In making this contention the appellants concede the validity of the oral agreement between the beneficiaries of the original trust as to these payments to Sarah Schwartz. The undisputed evidence as to the terms of such oral agreement shows, and the trial court has found, that the understanding of all of the parties concerned was that Sarah Schwartz should stand in the shoes of her stepmother in the matter of receiving these monthly payments and that when they ceased by reason of her death or the cessation of her necessities the

residue of the trust property was to be divided according to the wishes of Hirsh Cohn as expressed in the terms of the original trust. This being the agreement, the validity of which the appellants concede, it follows that their contention in this regard is devoid of merit, since to deny to the estate of Sarah Schwartz her original one-ninth share of the trust property sought to be distributed in this action would be to violate the terms of said agreement.

[9] The appellants finally insist that the trial court should have ordered and had a full accounting of all of the trust property, both real and personal, from the inception of the original trust to date before attempting to distribute that portion thereof which consists of real estate and which is the subject of this action. But the parties to this action have presented no such issue in their pleadings but have been content to confine the relief sought to the residue of the real estate which was the subject of the original trust. Had the defendants and appellants herein desired that the action as thus limited by the plaintiffs' complaint should be broadened into an action for a final accounting they should have presented that matter affirmatively in their answer or by way of cross-complaint. Not having done so they cannot be heard to urge this contention for the first time upon appeal.

The judgment is affirmed.

Waste, J., Myers, J., Kerrigan, J., Lawlor, J., Wilbur, C. J., and Seawell, J., concurred.

Rehearing denied.

All the Justices concurred.