[Civ. No. 9320, Second Appellate District, Division Two.—February 20, 1935.]

CALVARY PRESBYTERIAN CHURCH OF SOUTH PASADENA, CALIFORNIA (a Corporation), et al., Respondents, v. ROBERT W. BRYDON, Appellant.

G. M. Grant, B. F. Tyler and George W. McDill for Appellant.

William H. Hazlett and Derthick, Cusack & Ganahl for Respondents.

SCOTT, J., *pro tem.* — Plaintiffs recovered judgment against defendant, a former member, for an unpaid balance on a church building fund subscription which was evidenced by an installment promissory note executed by the latter.

Defendant was one of a number of members of plaintiff church who at an earlier date had indorsed a note for an amount far in excess of the amount of the note here sued on, the proceeds of the former note being used to erect and furnish a building where the congregation could gather

for worship. Subscriptions were solicited among the members, who mutually obligated themselves so that individual obligations would be substituted for the general liability which the indorsers of the larger note, including defendant, had assumed. In addition thereto, after defendant had signed the personal note certain purchases were made in reliance upon his promise to pay. The consideration thus afforded was sufficient to support such promise. (*University of Southern California* v. *Bryson*, 103 Cal. App. 39 [283 Pac. 949].)

It is contended that certain soliciting agents hired by the church of which defendant was a member said that if defendant at some later time transferred his membership to another church the obligation would be canceled. We see no theory upon which weight or validity could be attributed to such utterances sufficient to vary the express terms of a written instrument. They were at the most an exposition of a layman's idea as to the legal effect of the document or obligation, or a prophetic declaration as to how the church membership at some future time and as then constituted would respond to his prayer that they forgive him this debt. The record shows that when the church by its vote, approved by the superior ecclesiastical body, permitted defendant to transfer his spiritual allegiance to another church, they adopted and sent to him, together with his church letter, a resolution suggesting that they would expect him to pay the balance on his pledge as evidenced by the note in question.

Suit herein was filed May 21, 1930. On date of trial, January 10, 1933, defendant asked leave to file certain amendments to his answer setting up the defense on information and belief that the action "is barred by the statutes of limitation"; without citing any section of the code upon which he relied. Such an amendment, even if permitted, would not be a sufficient plea of the statute of limitations to bar the present action. (*Hannah* v. *Canty*, 175 Cal. 763 [167 Pac. 373]; *Cohn* v. *Goodday*, 191 Cal. 615 [217 Pac. 756].) In view of the admissions of defendant at the trial we conclude that the above and other proposed amendments thus tardily offered would not have opened the way to admitting evidence essentially favorable to defendant, and that the refusal of the trial court to allow the amendments

or admit evidence offered pursuant thereto was a proper exercise of its discretion and not prejudicial to the substantial rights of defendant. ■ We are mindful of the fact that defendant debtor was a member of the church which was creditor, and as a large contributor occupied a distinctive place among the church membership which was in some respects one of trust and confidence, and that forbearance by the creditor to insist on payment might be assumed to have been at least in part by the debtor's conduct and words. Such obligations, which are spiritual as well as financial, involve considerations which are not subject to strict admeasurement by legal yardsticks but require interpretation in the light of all the circumstances of the case.

. ■ Various instructions declaring the defendant's view of the law were withheld from the jury. It appears from the court's delineation of the legal principles which the jury were to apply that they would not have been aided by the giving of this added exposition of defendant's theory. They were correctly told everything they needed to know about the law to enable them to properly decide the case.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.