[Civ. No. 21078. First Dist., Div. Two. Oct. 25, 1963.]

ROBERT E. DeCELLE, Plaintiff and Respondent, v. CITY OF ALAMEDA, et al., Plaintiffs and Appellants.

530

Donald Way, Acting City Attorney, and Frederick M. Cunningham, City Attorney, for Defendants and Appellants.

J. W. O'Neill for Plaintiff and Respondent.

SHOEMAKER, P. J.—This is an appeal by the City of Alameda, the Pension Board of the City of Alameda, and the individual members of said pension board, from a judgment directing them to pay respondent Robert E. DeCelle, for the duration of his lifetime, a monthly pension in an amount

equal to 13/50ths of the monthly salary being paid to members of the City of Alameda Fire Department holding the rank of lieutenant.

The facts are undisputed. Respondent entered the employ of the City of Alameda Fire Department on December 12, 1941, and was continuously so employed until he was dismissed for insubordination on April 21, 1955. However, respondent performed no actual work for the city after January 27, 1955. On January 31, 1955, respondent commenced employment for the Civil Service Employees' Insurance Company upon a full-time basis.

On April 1, 1955, respondent went on sick leave and on April 6, 1955, respondent received a written order from the Alameda Fire Chief directing him not to engage in any outside employment while he was on sick leave and receiving his sick benefits. On April 19, 1955, the fire chief sent respondent certain written interrogatories. Respondent replied thereto, admitting that he was still on sick leave from the city, and that he was still working full time for the Civil Service Employees' Insurance Company. On April 21, 1955, respondent was dismissed from service for insubordination. Respondent thereafter appealed the order of dismissal to the Civil Service Board of the City of Alameda. On December 10, 1957, the board, after hearing, found that respondent's refusal to discontinue his outside employment while receiving sick benefits constituted insubordination and that his dismissal therefore was proper.

On April 7, 1961, respondent applied to the pension board for a pro rata pension under an Alameda ordinance authorizing the payment of such a pension to members of the police and fire departments who had been discharged from employment after serving 10 or more years. Section 17 of the ordinance then in effect (No. 1079 N.S.) specifically provided that members who had served the required number of years but who had been discharged for "neglect of duty, insubordination, conviction of a felony, conviction of a misdemeanor involving moral turpitude, or any act or conduct which impairs the efficiency or discipline of the department" were not eligible for such a pension. Although respondent's dismissal was for one of the excepted reasons, he contended that his right to a pro rata pension was required to be determined under Ordinance No. 276 N.S., the ordinance in effect at the time he was employed by the city, rather than under the subsequently enacted Ordinance No. 1079 N.S. Pursuant to

section 5 of Ordinance No. 276 N.S., a member of the police or fire department who was discharged after 10 years of service was entitled to a pro rata pension unless his discharge was for "conviction of a felony; *notorious or consecutive* insubordination or neglect of duty." (Italics added.)

On April 26, 1961, the pension board conducted a hearing on respondent's pension application and concluded: that respondent's pension rights were barred by the statute of limitations; that respondent's dismissal for insubordination had been upheld by the civil service board and that said determination was final; that respondent was guilty of insubordination in refusing to refrain from engaging in outside employment while receiving full time sick leave pay from the City of Alameda.

On October 27, 1961, respondent petitioned the Superior Court of Alameda County for a writ of mandate compelling the City of Alameda to pay him a pro rata pension. The superior court issued the alternative writ and, after conducting a hearing, made the following findings of fact: that respondent was not barred by the statute of limitations; that the civil service board's determination of insubordination was not final and was subject to review by the court; that respondent's failure to give up his outside employment while receiving sick pay benefits did not constitute insubordination; that respondent was entitled to have his pension rights determined under former Ordinance No. 276 N.S.; that the findings of the pension board, in denying respondent a pro rata pension, were unsupported by and contrary to the evidence. On June 18, 1962, the court entered judgment granting a peremptory writ of mandate compelling the payment of the pension prayed for.

■ Appellants first contend that the trial court erred in finding that respondent's cause of action was not barred by the three-year statute of limitations found in subdivision 1 of section 338 of the Code of Civil Procedure, which applies to "An action upon a liability created by statute, other than a penalty or forfeiture." This contention is without merit for the reason that the section relied upon has no application to this cause of action, which is clearly not based upon a liability created by "statute." In *Dillon* v. *Board of Pension Comrs.* (1941) 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800], upon which appellants rely, the plaintiff's cause of action was predicated upon a provision of the City of Los Angeles *charter* which authorized the payment of a pension to the

widows of police officers. The court properly held that Code of Civil Procedure, section 338, subdivision 1, was applicable to bar a mandamus proceeding commenced more than three years after the cause of action had accrued. However, this decision was clearly based upon the rule previously expressed in *Stern* v. *City Council of Berkeley* (1914) 25 Cal.App. 685, 688 [145 P. 167], and *Hermanson* v. *Board of Pension Comrs.* (1933) 219 Cal. 622, 624 [28 P.2d 21], that a city charter framed and adopted pursuant to the constitutional provisions is not a law passed by a municipality but is a law of the state and hence a "statute" within the meaning of Code of Civil Procedure, section 338, subdivision 1.

In the present case, respondent's cause of action was based upon a City of Alameda ordinance rather than upon a provision of a city charter. Under such circumstances, the liability sued upon was clearly created by municipal law rather than by statute, and the period of limitations found in Code of Civil Procedure, section 338, subdivision 1, is inapplicable.

■ Although it would seem apparent that respondent's cause of action was properly subject to the four-year period set forth in Code of Civil Procedure, section 343, the applicability of this section may not be considered for the first time on appeal. ■ In the trial court, appellants, on demurrer, relied solely upon Code of Civil Procedure, section 338, subdivision 1. When the demurrer was overruled, appellants pleaded the "Statute of Limitations" in their answer, but failed to specify the particular code section relied upon. Under such circumstances, they have clearly waived their right to rely upon Code of Civil Procedure, section 343.

■ It is settled that the bare allegation that a cause of action is barred by the statute of limitations, without specification of a particular code section, is not sufficient to raise this defense. (Code Civ. Proc., § 458; *Calvary Presbyterian Church* v. *Brydon* (1935) 4 Cal.App.2d 676, 678 [41 P.2d 377].)

■ Appellants next contend that the trial court erred in finding that respondent was not guilty of insubordination, urging that this amounted to an unauthorized reweighing of the evidence before the pension board and, in addition, constituted a collateral attack upon the prior decision of the civil service board upholding respondent's dismissal from service. Since this latter board was vested with full power to hear and adjudicate the propriety of respondent's dismissal, appellants contend that its decision, once made, was res judi-

cata and immune from collateral attack on other than jurisdictional grounds. Appellants' position is well taken.

At the hearing before the pension board, respondent admitted that his dismissal was the direct result of his refusal to obey the fire chief's directive that he discontinue his outside employment while receiving sick benefits. His sole defense consisted of testimony to the effect that he had informed the city attorney and the fire chief, prior to his dismissal, that he would be willing to waive sick leave benefits while continuing his outside employment, but that although he had no intention of returning to work in the fire department, he did not wish to resign for fear that it would impair his pension rights.

▮ The California rule governing review of the decision of a local administrative body is that the reviewing court is concerned only with the presence or absence of substantial evidence in the agency record which will support the agency's determination. (*Flaherty* v. *Board of Retirement* (1961) 198 Cal.App.2d 397, 408 [18 Cal.Rptr. 256]; *Jenner* v. *City Council* (1958) 164 Cal.App.2d 490, 499-500 [331 P.2d 176].)

▮ In the present case, the record before the pension board was clearly more than sufficient to support the board's finding of insubordination.

There is yet another reason, however, why the court's finding in this regard may not be allowed to stand. As appellants have recited, the pension board, in addition to making its own finding of insubordination, also found that the civil service board's decision upholding respondent's dismissal for insubordination had become final. Pursuant to section 12 of Ordinance No. 642 N.S. of the City of Alameda, a permanent civil service employee who has been dismissed from service may appeal to the civil service board. The board is empowered to conduct a hearing and to determine whether the dismissal was proper or was made for political motives or for motives other than the maintenance of efficiency, competency or discipline. The ordinance specifically provides that ''The decision of the Civil Service Board on all appeals shall be final, conclusive and not subject to review.'' In the instant case, respondent appealed his dismissal to the board, and, on November 12, 1957, the board duly conducted a hearing at which evidence, both oral and documentary, was received. On December 10, 1957, the board found that respondent's wilful refusal to discontinue his outside employment while on sick leave constituted insubordination and that his dismissal

therefor was proper. Respondent thereafter took no steps whatever to obtain judicial review of the board's decision. Instead, he applied to the pension board for a pro rata pension and, upon denial of his application, commenced the present proceeding to obtain a writ of mandate. The civil service board was not named as a party to this action, and the trial court was never apprised of the prior proceedings before the board until the filing of appellants' answer, wherein a copy of the board's finding was incorporated. As the trial court was never furnished with a record of the proceedings before the board, it is impossible to determine by what method it was able to review those proceedings and determine that the board's finding of insubordination was erroneous. In any event, even had respondent furnished the court with a record of the board's proceeding, the board's findings, as against a collateral attack of this nature, were immune from objection on any but jurisdictional grounds. (*Stockton* v. *Department of Employment* (1944) 25 Cal.2d 264, 267-268 [153 P.2d 741] ; 2 Cal.Jur.2d, Administrative Law, § 201, p. 337.) The record before the trial court is devoid of any evidence that the board exceeded its jurisdiction.

■ The sole question remaining is whether the judgment of the trial court may be upheld on the ground that respondent was entitled to have his pension rights determined under Ordinance No. 276 N.S., rather than under Ordinance No. 1079 N.S. Although respondent's dismissal for insubordination must, as above noted, be upheld, Ordinance No. 276 N.S. authorized the payment of a pro rata pension to any member of the police or fire department discharged for any reason other than "notorious or consecutive insubordination" and certain other reasons here inapplicable. It is respondent's position that his pension rights had vested under Ordinance No. 276 N.S., and that subsequent amendments were ineffective to render these rights subject to new conditions.

■ It is settled that a public employee who serves under pension provisions similar to those in the Alameda ordinance acquires a vested contractual right to a substantial pension and that this right cannot be constitutionally abolished by subsequent changes in the law. (*Wallace* v. *City of Fresno* (1954) 42 Cal.2d 180, 183 [265 P.2d 884].) ■ However, a public pension system is subject to the implied qualification that the governing body may make reasonable modifications and changes before the pension becomes payable and that

until that time the employee does not have a right to any fixed or definite benefits but only to a substantial or reasonable pension. (*Kern* v. *City of Long Beach* (1947) 29 Cal.2d 848, 855 [179 P.2d 799].) (To the same effect, see *Packer* v. *Board of Retirement* (1950) 35 Cal.2d 212, 214 [217 P.2d 660].) ▮▮▮ "To be sustained as reasonable, alterations of employees' pension rights must bear some material relation to the theory of a pension system and its successful operation, and changes in a pension plan which result in disadvantage to employees should be accompanied by comparable new advantages." (*Allen* v. *City of Long Beach* (1955) 45 Cal. 2d 128, 131 [287 P.2d 765].) ▮▮▮ In the light of these rules, the question squarely presented is whether the changes made to the Alameda pension ordinance fell within the bounds of a reasonable modification or operated in such a manner as to impair respondent's vested contractual rights.

When respondent entered the employ of the city in 1941, section 5 of Ordinance No. 276 N.S. provided that a member of the police or fire department who was dismissed after 10 or more years of service was entitled to a pro rata pension unless his dismissal was for "conviction of a felony, notorious or consecutive insubordination or neglect of duty." Members who resigned, voluntarily or involuntarily, after 10 or more years service similarly qualified for a pro rata pension. (See *Snyder* v. *City of Alameda* (1943) 58 Cal.App.2d 517 [136 P.2d 857].) Although employees were required pursuant to section 15, to contribute 2 per cent of their monthly salary to the pension fund, the ordinance contained no provision authorizing a refund of the accumulated contributions of any employee who resigned or was dismissed prior to serving 10 years, or who was dismissed for one of the reasons excepted under section 5.

In 1943, Ordinance No. 276 N.S. was amended by Ordinance No. 824 N.S. Section 5 of the old ordinance was modified in such a manner as to provide that employees who had served 10 or more years and who voluntarily or involuntarily resigned or who were discharged "for neglect of duty, insubordination, conviction of a felony or of a misdemeanor involving moral turpitude," or "for any offense, which offense impairs the efficiency or discipline of the department" did not qualify for a pro rata pension. The ordinance was also amended to provide that if an employee died after completing 25 years of servcie but before having applied for or hav-

ing been granted a pension, his survivors would be entitled to receive pension benefits.

In 1953, Ordinance No. 1079 N.S. was enacted and Ordinance No. 276 N.S. repealed. Pursuant to section 17 of the new ordinance, the causes of dismissal which would result in loss of a pro rata pension remained the same. Sections 17 and 22, however, authorized the refund of accumulated contributions to employees who were dismissed for any reason, regardless of their length of service. Section 22 also provided that employees who resigned after serving *less* than 10 years were entitled to a similar refund of contributions. Pursuant to section 8, employee contributions were increased from 2 per cent to 4 per cent of an employee's monthly salary.

When these modifications to the pension system are viewed as a whole, it becomes apparent that respondent's pension rights were affected detrimentally and that the changes which operated to his disadvantage were not offset by compensating benefits. When respondent entered the employ of the city, the pension ordinance then in effect authorized the payment of a pro rata pension to employees who had served 10 or more years and who had been discharged for simple, as opposed to notorious or consecutive, insubordination. Respondent would clearly have qualified for a pension under that ordinance. In addition, and perhaps of even greater significance, that ordinance also authorized the payment of a pro rata pension to employees who voluntarily or involuntarily resigned after serving 10 or more years. Had this ordinance still been in effect at the time respondent was ordered to cease his outside employment, it is only reasonable to assume that he would have tendered his resignation rather than risk a dismissal for insubordination. This alternative was no longer available to respondent, however, for the reason that the 1943 amendment had eliminated the pension rights of employees who resigned after 10 years of service. Although appellants urge that these disadvantages were more than offset by the provisions authorizing the refund of accumulated contributions to employees who were discharged or who resigned, this contention is clearly untenable. First of all, the refund provisions were made possible only by means of increasing required employee contributions from two per cent to four per cent. Secondly, the refund provisions were actually of no real benefit to respondent. Since respondent's dismissal for insubordination would have entitled him to a pro rata pension under the original ordinance, the substitution of a refund of his contri-

butions to the pension fund cannot be viewed as a benefit. The provision authorizing a similar refund to employees who resigned after less than 10 years' service was of even less benefit to respondent and would appear to bear no relation whatever to the theory of a pension system and its successful operation. Since respondent had served the city for more than 10 years, his resignation would have resulted not only in a forfeiture of his pension rights, but in a loss of his accumulated contributions. Return of such contributions, anomalously enough, was made available only to those who resigned prior to 10 years' service or who, like respondent, were discharged for insubordination or for any other reason. In addition to the refund provisions, the sole other benefit added by the amendments was the granting of pension rights to the survivors of employees who had completed 25 years of service but who died prior to applying for or having been granted a pension. Respondent would appear to be correct in contending that this provision was intended to clarify rather than alter the terms of the original ordinance. In any event, whatever limited benefit was conferred by this provision was more than outweighed by the disadvantages above discussed.

For the foregoing reasons, respondent was entitled to the pro rata pension provided for under Ordinance No. 276 N.S.

Judgment affirmed.

Agee, J., concurred.

A petition for a rehearing was denied November 15, 1963.