[Civ. No. 628.   Fifth Dist.   Nov. 7, 1966.]

BAROOR ISAKOOLIAN, Plaintiff and Appellant, v. REPEGA E. ISSACOULIAN, Defendant and Respondent.

L. Kenneth Say and Lawrence Kennedy for Plaintiff and Appellant.

Gasper H. Magarian and Donald J. Magarian for Defendant and Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment of dismissal entered after an order sustaining a demurrer to a second amended complaint without leave to amend. The basis of the order sustaining demurrer was that the complaint failed to state a cause of action, as laches appeared on the face of the complaint. The second amended complaint, filed August 26, 1965, sought to establish a constructive trust on one-half of the proceeds from the sale of a one-half interest in certain real property.

The complaint alleges that in 1946 plaintiff gave a one-half interest in his cleaning business to his brother, Deran Issacoulian; that pursuant to expansion plans plaintiff borrowed $4,000 to purchase the real property here involved after a failure to obtain promised money had occurred; that title to the real property was placed in the joint names of plaintiff and Deran; that a wholesale cleaning plant and business was established on the real property; that in 1947 Deran married defendant, Repega E. Issacoulian, Harant Issacoulian's daughter; that about August 1947 certain creditors who had loaned money for expansion after Harant failed to do so, demanded repayment; that on or about August 1947, a third partner, Kalam, who had been taken into the business under an oral agreement, insisted on withdrawing from the partnership and demanded the return of his investment; that Deran

---

*Assigned by the Chairman of the Judicial Council.

thereafter represented to plaintiff that Harant would loan $35,000 to the business to meet the demands of creditors and Kalam, but only upon condition that Deran was the sole owner of said business and said real property; that Deran further represented to plaintiff that if plaintiff would consent thereto, that even though the title to the real property would stand in the name of Deran on the record, nevertheless they would be equal owners of the real property after the repayment of the $35,000 to Harant; that in reliance upon said representations plaintiff transferred to Deran his interest in the wholesale business and also his interest in the real property; that thereafter Harant loaned the money as promised, the creditors were paid, and Kalam was bought out and his interest in the business went to Deran; that about April 1949 Deran sold a one-half interest in the real property to one Sterios for approximately $35,000, it being the distinct understanding that the remaining balance of approximately $30,000 owing to Harant would be paid therefrom in full, which was done; that on many occasions Deran reaffirmed that plaintiff was owner of one-half of his one-half interest in the real property; that during all of the times mentioned in the complaint plaintiff was continuously in joint possession of said real property with Deran; that at all times mentioned in the complaint plaintiff's relations with Deran remained on a highly cordial basis and Deran continued at all times to acknowledge the trust; that on May 11, 1964, Deran died and defendant was appointed executrix of his will; that defendant sold the one-half interest in the real property, one-half of which at all times belonged to plaintiff and which at all times was so acknowledged by Deran; that the proceeds of the sale of this one-half interest totaled $42,000, all of which was distributed to defendant; that plaintiff demanded one-half of the proceeds, $21,000, but defendant refused and continues to refuse to deliver the amount demanded.

Familiar rules say that a demurrer admits all of the allegations of the complaint which are well pleaded, and that it must be assumed on appeal from a judgment predicated upon the sustaining of a demurrer that the plaintiff could prove all of the facts alleged in the complaint (*Wirin* v. *Horrall,* 85 Cal.App.2d 497, 500-501 [193 P.2d 470]) and ". . . the allegations of the complaint must be regarded as true, and a reviewing court 'is confined to the allegations of the complaint,' as is a trial court, in determining the matter. Other matters, outside the complaint, although doubtless

proper subjects for consideration at the trial, should not be considered. Whether plaintiff is able to establish the allegations made, to the satisfaction of a trial court or jury, or what the final outcome may be, are matters of no importance so far as the present inquiry is concerned." (*Griffith* v. *Department of Public Works,* 141 Cal.App.2d 376, 381 [296 P.2d 838].)

It is interesting to note, in view of the last quoted authority, that the demurrer here states as follows: "The complaint does not state facts sufficient to constitute a cause of action in that it appears in the face of the complaint that the plaintiff has inexcusably and unreasonably delayed the filing of said action, to the prejudice of the defendant in that for over eighteen (18) years the plaintiff said nothing about the agreement he allegedly made with the deceased nor did he make any demands upon the deceased or the defendant. That the defendant for all those years having no idea as to any claim whatsoever on the part of the plaintiff, BAROOR ISAKOO-LIAN, continued to hold interest in the business and property and that the plaintiff's waiting until the death of the deceased, who would be a witness, was prejudicial to defendant and justifies denial of relief to the plaintiff because of the staleness of the claim; that the estate of the deceased went through probate administration and much expense was encountered and that all the time during probate administration, no claim was made by the plaintiff upon REPEGA E. ISSA-COULIAN, who was the Executrix of the Estate of DERAN ISSACOULIAN; that the estate was distributed to defendant and lulled the defendant into false sense of security as defendant had no idea of such a claim; that defendant sold her interest to DEMOCRATIS A. STERIOS which she may not have done had she known of the plaintiff's claim, all of these things being of great prejudice to defendant because of the staleness of the claim."

This pleading certainly falls within the statement in *Griffith* v. *Department of Public Works, supra,* relating to other matters outside the complaint, and is not properly considered upon demurrer. The statements that plaintiff has "inexcusably and unreasonably delayed the filing of said action," that "defendant for all those years having no idea as to any claim whatsoever on the part of the plaintiff," that "the estate was distributed to defendant and lulled the defendant into false sense of security as the defendant had no idea of such claim," and, further, that defendant might not have sold her interest to STERIOS had she known of plaintiff's claim, are all matters

beyond the allegations of the complaint, and should not and could not be considered by the court below in ruling on the demurrer.

■ It unquestionably is true that under proper circumstances where laches appear on the face of the complaint the defense may be raised and determined by a general demurrer for failing to state a cause of action. (*Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 P. 516] ; *Garrity* v. *Miller,* 204 Cal. 454 [268 P. 622] ; *Stafford* v. *Ballinger,* 199 Cal.App.2d 289 [18 Cal. Rptr. 568].)

The difficulty with defendant's position here is that the complaint pleads an unrepudiated oral trust that was continually reaffirmed by the trustee, and since laches is an equitable doctrine that doctrine did not begin to operate until either Deran died failing to leave the one-half interest in the property to his plaintiff brother, or defendant failed to honor the oral trust. Until there was some repudiation by the trustee of the trust here, the doctrine of laches could not begin to operate. (*Cohn* v. *Goodday,* 191 Cal. 615, 627 [217 P. 756] ; *Svistunoff* v. *Svistunoff,* 94 Cal.App.2d 651, 653 [211 P.2d 352].)

■ Defendant, and perhaps the trial court, seems to have erroneously assumed that the period of laches began either in 1947, when the alleged oral agreement was made, or in 1949, when the one-half interest in the business property was sold in order to repay Harant's loan. This leaves the case before us in that condition where if plaintiff can prove everything he pleads he will be able to show that Deran continued to acknowledge the trust, promising that plaintiff was a one-half owner in the remaining interest in the real property after the 1940 conveyance and after the 1949 sale of one-half of the real property. This also may be buttressed by his proof that he remained in joint possession with Deran, and that he and Deran remained on cordial terms and on a friendly basis. Coupled with the relationship of the brothers, this would appear to make it clear that the action to impress the constructive trust could not arise until after Deran died without leaving the promised property to plaintiff, since the doctrine of laches as between near relatives is applied with lenience. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 448 [182 P.2d 557].)

The case of *Cohn* v. *Goodday, supra,* 191 Cal. 615, is closely apposite to the case now before us. There, after a series of oral agreements of trust an executrix and devisee refused to honor the trust, the Supreme Court held that this was a voluntary,

oral, continuing trust and the statute of limitations did not begin to run until the executrix and devisee repudiated the trust. The defense of laches was also rejected because there the beneficiaries had a right to rely on the trustee's continued performance of an oral trust. There the court ignored the death of several of the parties to the various agreements of trust.

In *Marshall* v. *Marshall*, 232 Cal.App.2d 232 [42 Cal.Rptr. 686], a son conveyed property to his mother in 1931 in order to avoid possible future levy by creditors if his business ventures failed. Other transactions took place, but the plaintiff's evidence showed that until 1953 there were no hostile acts by his mother, who was trustee. In 1954 suit was brought when the son learned of the sale of the property in 1953. A constructive trust was imposed on the proceeds of sale, which in that case was another piece of real property. The defendant claimed laches barred the suit. The court said, at page 252: "In an action to establish a constructive trust based on the violation of a parol promise continuing in nature, the doctrine of laches does not begin to operate until the trustee begins to act in hostility to such continuing obligation and such repudiation of the trust has been brought home to the beneficiary. [Citations.]" (See *Zakaessian* v. *Zakaessian*, 70 Cal.App.2d 721, 725-727 [161 P.2d 677].)

No prejudice appears to have been occasioned to defendant by any of the allegations contained in the second amended complaint, nor does the mere fact of Deran's death show such prejudice in and of itself.

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.