[No. 11554.   Department Two. — August 26, 1886.]

I. W. HELLMAN, RESPONDENT, v. A. W. McWILLIAMS, GUARDIAN, ETC., OF EDWARD HAWKINS ET AL., MINORS, RESPONDENTS, AND W. D. STEPHENSON, ADMINISTRATOR, ETC., OF ELI W. HAWKINS, DECEASED, APPELLANT.

TRUST IN PERSONAL PROPERTY — MAY BE CREATED BY PAROL. — An express trust in personal property may be created without a written transfer.

ID. — RESERVATION OF RIGHT BY TRUSTOR. — A verbal transfer of money in trust for the use and benefit of the children of the trustor, reserving to the latter the right to draw from the trust fund such sums as he might deem proper for his own use, is valid.

ID. — REVOCATION BY TRUSTOR. — After a trust has been created and accepted, the trustor has no power to revoke it without the consent of the beneficiaries, unless such power was reserved in the declaration of the trust.

EVIDENCE — STRIKING OUT — MOTION FOR MUST BE SPECIFIC. — Where testimony is admitted, some of which is relevant and competent, and intermingled with that which is improper, a motion to strike out should be directed with such precision to the portion attached that no uncertainty may remain as to the testimony challenged; otherwise a refusal to strike out is not error.

LXX. CAL.—29

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Gardiner & Stephenson*, for Appellant.

*Albert M. Stephens*, and *Glassell, Smith & Patton*, for Respondents.

SEARLS, C.—This is an action brought to determine whether the estate of Eli W. Hawkins, deceased, or his minor children, are entitled to certain money in the hands of plaintiff.

The judgment awarded the property to the minor children, from which judgment, and from an order denying a motion for a new trial, the defendant, W. D. Stephenson, administrator of the estate of Eli W. Hawkins, deceased, appeals.

In September, 1879, there was due to Eli W. Hawkins from the Odd Fellows' Savings Bank the sum of $14,334.73, in evidence of which Hawkins held a pass-book of said bank, issued to him by the latter, showing said amount to be due.

The bank was in process of liquidation. On the eighth day of September, 1879, said Hawkins requested plaintiff to allow him, the said Hawkins, to assign to plaintiff the whole amount due from the bank, to be held by plaintiff in trust for the use and benefit of the minor children of Hawkins, reserving to himself, however, the right to draw such sums of said money from the trustee as he might deem proper for his own use.

Plaintiff agreed to accept the trust, and Hawkins verbally assigned to him all of said moneys, to be held by him in trust as aforesaid.

Hawkins delivered his pass-book to plaintiff, who has since retained it.

In order to carry into effect the assignment, and to facilitate the collection of the money for Hellman as

such trustee, Hawkins proposed to make a written assignment directly to said Hellman; but to facilitate the collection of the money and at the request of the latter, the assignment was made to the Bank of California, a corporation doing business in San Francisco, where the money was to be collected; and thereupon said Bank of California collected the money as agent and correspondent of Hellman, to whom it was transmitted at Los Angeles, the place of his residence.

Subsequent to the assignment, a power of attorney was also executed by Hawkins, at the request of Hellman, to the Bank of California, authorizing the latter to collect and receipt for the money.

This seems to have been done to simplify the process of collection under the rule of the Odd Fellows' Bank, and is found by the court to have been done "in furtherance of said assignment and trust in the said Hellman."

Eight thousand nine hundred and fifty-nine dollars and twenty cents was collected and paid over to plaintiff under this arrangement, of which sum Hawkins drew at divers times prior to his death $6,271.44, leaving a balance in the hands of plaintiff of $2,687.76, and there is still due from the Odd Fellows' Bank $5,375.53, all of which the court finds is trust funds, of which the minor children of Hawkins are the beneficiaries.

The foregoing is a synopsis of so much of the findings of the court below as serve to give point to the objections of the appellant.

The contention of appellant is, that while an express trust may perhaps be created and proven by parol, still, conceding this point to create a trust by parol, the evidence must be *clear and unequivocal*, and that in the present instance the parol trust was not established by such clear and unequivocal testimony as to authorize the facts as found by the court, and that the facts shown by the evidence do not raise a trust.

Section 852 of the Civil Code declares the law as to the manner in which trusts in relation to real property may be created or declared, and provides that, except where created by operation of law, it shall be by an instrument in writing.

"Subject to the provisions of section 852, a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor indicating with reasonable certainty, —

"1. An intention on the part of the trustor to create a trust; and 2. The subject, purpose, and beneficiary of the trust." (Civ. Code, sec. 2221.)

Having thus provided the manner in which a trust may be created, and the particularity requisite in its creation as to the trustor and beneficiary, the following section as to the trustee is important:—

"Subject to the provisions of section 852, a voluntary trust is created as to the trustee by any words or acts of his indicating with reasonable certainty,—1. His acceptance of the trust, or his acknowledgment, made upon sufficient consideration, of its existence; and 2. The subject, purpose, and beneficiary of the trust."

The subject of the trust was personal property, and it was not necessary that the transfer should be in writing. "A transfer may be made without writing in every case in which a writing is not expressly required by statute." (Civ. Code, sec. 1052.)

Referring to the testimony, we find there was evidence tending clearly to show the intention on the part of Hawkins to create a trust in favor of his minor children, that the subject of such trust was clearly defined, and its purpose made manifest.

The evidence as to the acceptance of the trust by the plaintiff, with full knowledge of the subject, purpose, and beneficiaries, is explicit, and the whole testimony taken together establishes the facts as found by the court with

such *reasonable certainty* that we are not at liberty to disturb the findings.

A trust may be created for any purpose for which a contract may be lawfully made. (Civ. Code, sec. 2320.)

. It follows that Hawkins was under the law authorized to create a trust for himself and his minor children in the manner and form as found by the court. (*Hearst v. Pujol*, 44 Cal. 234.)

The fund was assigned to the plaintiff, the pass-book delivered to and retained by him, the money collected by the Bank of California for his account, and paid over to him. As to that portion of the fund paid over to Hawkins during his lifetime, no question is made here, and it can cut no figure, beyond tending to illustrate the true intent of the parties.

The trust once created and accepted, it was not in the power of the trustor to revoke it without the consent of the beneficiaries, unless power to do so was reserved in the declaration of the trust. (Civ. Code, sec. 2280.)

. The motion to strike out the testimony of plaintiff was properly overruled.

The motion to strike out all of witness Hellman's testimony, " so far as it states the effect of what took place between himself and Eli W. Hawkins, except the naked statement of what was said and done," was so general and indefinite that we do not see how the court below could have determined precisely what portion of the testimony was intended, and had the motion been granted, we should be at a loss to know what was stricken out.

Where testimony is admitted, some of which is relevant and competent, and intermingled with that which is improper, a motion to strike out should be directed with such precision to the portion attacked that no uncertainty may remain as to the testimony challenged.

We think, therefore, the motion to strike out was properly denied.

Upon the whole case as presented, we are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.