[No. 12750.   Department One. — June 7, 1890.]

ARTHUR SCRIVNER, RESPONDENT, *v.* A. C. DIETZ, APPELLANT.

TRUST FOR BENEFIT OF CREDITORS — ORAL AGREEMENT WITH PURCHASER FROM TRUSTEE — STATUTE OF FRAUDS. — When an express trust in land has been created by deed, for the purpose of paying the debts of the grantor, an oral agreement with a purchaser from the trustee, that he should take the title subject to the same trust, is not subject to the objection that such a trust cannot be created by parol, but the purchaser will be charged in equity with the terms of the trust created by the deed, as being a purchaser with notice of its terms.

ID. — REVOCATION OF TRUST — EXTINGUISHMENT. — Such trust could not be revoked without the consent of all the creditors for whose benefit it was created; nor could it be extinguished without the consent of the beneficiaries, except by the entire fulfillment of its object, or by such object becoming impossible or unlawful.

MERGER OF MORTGAGE IN FEE — QUESTION OF INTENT. — Merger is always a question of intent, when the question is as to whether a mortgage lien is merged in the fee.

ID. — PROTECTION OF EQUITY AGAINST MERGER. — Equity will keep the legal title and the mortgagee's interest separate, although held by the same person, whenever necessary for the full protection of his just rights.

ID. — INTERVENING LIENS — MERGER OF TRUST TITLE — DISTINCT TRUSTS. — If there is an intervening mortgage, attachment, or other lien, the acquirement of title by a prior mortgagee will not operate as a merger; and this rule would apply with still greater force where the prior mortgage was held by the mortgagee in trust for one person, and the title is acquired by him in trust for another.

APPEAL from a judgment of the Superior Court of the county of Alameda.

The facts are stated in the opinion of the court.

*Davis & Hill,* for Appellant.

*Winans, Belknap & Godoy, D. P. Belknap,* and *J. B. Harmon,* for Respondent.

Fox, J. — Action for foreclosure of mortgage. Decree for plaintiff, from which the defendant, Dietz, holding under a conveyance subsequent to the mortgage, appeals. The case comes up on the judgment roll.

The only question in the case is, whether the mortgage lien was extinguished by merger into the legal title.

The facts, briefly stated, are: The entire tract covered by the mortgage was conveyed by Blaise to Grant for the sum of twenty-five thousand dollars. Of this sum six thousand dollars was paid down, and a deed executed and placed in escrow, to be delivered upon payment of the balance. Before the balance was paid, Grant became involved,— mechanics' liens were filed upon the property, other creditors were pressing, and among the rest the London and San Francisco Bank, to which Grant was indebted in the sum of five thousand dollars. To secure this last indebtedness, and a further advance of one thousand dollars, Grant gave his note to the bank for six thousand dollars, and executed a mortgage of the property to Latham, the then manager of the bank. The property was in one body, but we infer, from the manner in which it is referred to in the briefs, it was used or handled as three parcels, differing in character and differently occupied. In the briefs they are designated as parcels 1, 2, and 3, and a specific description is given of each.

Subsequent to the date and record of the mortgage, and before any further conveyance of the premises had been made, the entire mortgaged premises were attached at the suit of McAfee and Spiers, and, under judgment recovered in that case, after the legal title of the property had passed into Latham as hereinafter stated, parcel No. 3 of the mortgaged premises was sold by the sheriff and bid in by McAfee and Spiers, who in due course received the sheriff's deed therefor, and subsequently conveyed the same to the defendant, Dietz. After the levy of the attachment, but long before the judgment, Grant, the mortgagor, conveyed the entire mortgaged property to Taylor, in trust, to sell the same, and use the proceeds of the sale, which he was authorized to make either at public or private sale, in paying off the debts

of Grant, in the following order: 1. The balance of the purchase-money due to Blaise; 2. Amounts due under mechanics' liens; 3. The debt secured by the mortgage here in suit; 4. Judgment liens; and 5. Unsecured debts of Grant *pro rata.*

Very shortly after this conveyance and the creation of this trust, Grant and Taylor united in a conveyance of the whole property to Latham. The court finds that at the time of this conveyance there was a verbal agreement between Grant, Taylor, and Latham that the latter take the title subject to the same trust and with the same powers as Taylor held it. Respondent claims that this fact could not be proved by parol, and the trust could not be created by parol. The answer to this is, that the trust was already created by the deed to Taylor, which was of record, and of which Latham had full notice.

That trust could not be revoked without the consent of all the persons for whose benefit it was created, — the creditors of Grant. Latham, therefore, necessarily took subject to the trust, and the title which he received was charged in his hands with the same trust as it had been in the hands of Taylor. No agreement on the subject was necessary, and none could have been made by the parties acting in the matter which could have released the trust. Without the consent of the beneficiaries, the trust could only be extinguished by the entire fulfillment of its object, or by such object becoming impossible or unlawful. (Civ. Code, sec. 2279.) Latham having taken with knowledge of the trust, he occupied the same position as the original trustee. (*Price* v. *Reeves,* 38 Cal. 457.) Equity would enforce the trust against him as it would have done against the original trustee. (*Lathrop* v. *Bampton,* 31 Cal. 17; 89 Am. Dec. 141.)

We should have stated before that McAfee and Spiers, the attaching creditors, consented at the time to the conveyance to Taylor and the creation of the trust, and

that the property should be sold for the purposes named in the trust.

Afterward, and before the recovery of judgment by McAfee and Spiers, Latham, upon due notice, sold at public auction, in execution of such trust, that part of the property designated as parcel No. 1. The sale realized, over and above expenses, $19,792.62. After the sale, and pending the receipt of the money, the bank advanced the money to pay off the balance of the purchase price due to Blaise, amounting, with interest, to $20,186.30. Upon receipt of the money on the sale a few days later, Latham paid the same into the bank, on account of the money so advanced on the purchase price paid Blaise. The land so sold was formally released by the proper parties from the lien of both the mortgage and the attachment.

Subsequently Latham assigned the mortgage to the plaintiff, his successor in the management of the bank, in trust, as he had held it, as security for the payment of the debt due the bank, and also made a conveyance of the land which remained unsold to the plaintiff. This conveyance is described in the findings as one made to the plaintiff as trustee for the bank, but, under the authorities cited, the title so conveyed was of course charged with the same trust as in the hands of Latham.

After all this had transpired, judgment was recovered in the case of McAfee and Spiers, and, under such judgment, sale was made of parcel No. 3, and the title thus acquired came down to defendant, Dietz.

The decree of foreclosure is for the sale of parcels 2 and 3, described in the decree as parcels 1 and 2. Dietz claims that his title relates back to the date of the attachment, and that, the mortgage having been extinguished, as he claims, by the merger of the same into the superior title, he now holds the parcel purchased by him released from any claim of plaintiff.

Merger is always a question of intent when the ques-

tion is as .to whether a mortgage lien is merged in the fee upon both being united in the same person. (Jones on Mortgages, secs. 848, 856, 857, 870, 872, 873.) Equity will keep the legal title and the mortgagee's interest separate, although held by the same person, whenever necessary for the full protection of the person's just rights. (*Carpentier* v. *Brenham*, 40 Cal. 221.) If there is an intervening mortgage, the acquirement of title will not operate as a merger. (*Brooks* v. *Rice*, 56 Cal. 428.) The same rule would apply as to an intervening attachment or other lien. The same rule as to merger is laid down in *Rumpp* v. *Gerkens*, 59 Cal. 496. The rule would apply with still greater force in this case, where the mortgage was held in trust for one person and the title in trust for another.

This being the only question in the case, the judgment is affirmed.

PATERSON, J., and WORKS, J., concurred.