[S. F. No. 3598.   Department One.—January 26, 1904.]

## MARTHA ANN EAKLE et al., Respondents, v. C. L. INGRAM, Appellant.

TRUST—EQUITABLE RIGHTS OF BENEFICIARIES—BILL FOR DISSOLUTION OF TRUST.—All of the persons beneficially interested in a trust who are of full age may maintain a bill in equity for the dissolution of the trust and discharge of the trustee, where the case falls within no exception to the rule, and no reason appears why they should not exercise the right of disposing of their property.

ID.—RIGHTS OF TRUSTEE—COMPENSATION—FAILURE TO ANSWER.—A mere bare trustee, without interest, except for compensation for his services, which might be allowed in the decree, has no standing in court to dispute the application of the beneficiaries to discharge the trust; and where he fails to answer and sets up no claim for compensation, he cannot complain that none was allowed him by the judgment.

APPEAL from a judgment of the Superior Court of Lake County.   R. W. Crump, Judge.

The facts are stated in the opinion.

Crawford & Crawford, for Appellant.

Thomas B. Bond, and Charles W. Haycock, for Respondents.

SMITH, C.—The plaintiffs are the children and sole heirs of Mrs. E. A. Hammack, who died December 26, 1902, intestate.   The plaintiff Eakle is the grantee and party of the sec-

ond part, and the plaintiff Henry Hammack the party of the third part, in a deed of conveyance executed by Mrs. Hammack, as party of the first part, June 26, 1899, conveying to the grantee ''and to her successors in trust'' the land described in the complaint, ''to have and to hold'' the same, etc., ''and to pay the rents, issues, and profits thereof to the said party of the first part during her natural life; and after the decease of the said party of the first part, to pay the rents, issues, and profits thereof to the said party of the third part during his natural life.'' The deed also contains a clause authorizing the parties of the second and third parts to sell the premises upon certain contingencies specified, but this is omitted from our statement as immaterial. The defendant is a trustee appointed by the court January 27, 1903, upon the resignation of Mrs. Eakle. The suit was brought for the dissolution of the trust and the discharge of the trustee. A general demurrer to the complaint was interposed and overruled, and judgment entered for the plaintiff. The defendant appeals from the judgment.

The judgment, we think, is right. The plaintiffs are the only persons beneficially interested in the property (Civ. Code, sec. 866; *Morffew* v. *San Francisco etc. R. R. Co.,* 107 Cal. 595; 1 Perry on Trusts, sec. 320; *Young* v. *Bradley,* 101 U. S. 787), and in such cases the rule is as stated by Mr. Underhill: ''If there is only one beneficiary, or if there are several and they are all of one mind, and he or they are not under any disability, the specific performance of the trust may be arrested, and the trust modified or extinguished.'' (Underhill on Trusts and Trustees, pp. 13, 370-375, and cases cited. See, also, 2 Perry on Trusts, sec. 920; 1 Perry on Trusts, sec. 104;. Civ. Code, secs. 2252, 2258; Lewin on Trusts, 684, 685; Hill on Trustees, 278; Tiffany & Bullard on Law of Trusts and Trustees, 815, 816.) The court below was therefore empowered to decree a dissolution of the trust, and a release of the trust property by the trustees; which is the effect of the judgment. There are indeed cases (as is said in the note to the place first cited), where though ''all the beneficiaries consent, [yet] the court may for good equitable reasons refuse to discharge a trust'';—as, for example, in the case of ''infants, lunatics, and married persons restrained from anticipation''

(Underhill on Uses of Trusts, pp. 370-375)—and perhaps in the cases provided for in the Civil Code (sec. 867) and others. But the case here is not of a kind to come within any exception to the rule. Here the plaintiffs are of age, and no reason appears why they should not be permitted to exercise the right of disposing of their property. Nor has the defendant any standing in court to dispute their application. He was a mere bare trustee, without interest, except that he might but for the decree have become entitled to compensation for services as trustee; but this furnishes no reason for the continuance of the trust. (*Slater* v. *Hurlbert,* 146 Mass. 314.) Nor, as he has failed to answer, or otherwise set up any right to compensation for the brief period in which he was trustee, can he complain that no compensation was allowed him by the judgment.

It may be added that, in addition to the facts stated in the opinion, others are alleged which, it is claimed, show that the execution of the trust as designed has become impracticable, and that its continuance would result, if not in the total loss of the trust property, at least in the unnecessary sacrifice of a great part of its value. But under the view we have taken of the case it will be unnecessary to consider the effect of these allegations.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Shaw, J., Angellotti, J., Van Dyke, J.