(No. 15339.—Decree affirmed.)
HANNAH E. BURTON, Trustee, Appellant, *vs.* EDWARD
B. BOREN, Appellee.

*Opinion filed June 20, 1923.*

1. TRUSTS—*when deed creating trust for life of grantor does not convey the remainder.* Where a deed conveys property in trust for the grantor, with directions to the trustee to pay the grantor the income from the property until the grantor's death, when the trust is to terminate and the trust property is to "vest in and become the property of the heirs-at-law" of the grantor, (the *cestui que trust,*) the children and prospective heirs of the grantor take no interest in the conveyance as remainder-men but the reversion is still in the grantor.

2. SAME—*when trust estate may be terminated—costs.* Where the trustee in a conveyance creating a trust in favor of the grantor asks the court to accept her resignation, and the *cestui que trust* by cross-bill prays for a termination of the trust, the court will declare the trust terminated where no other parties are interested; and the costs of the proceeding, both in the circuit court and on appeal of the trustee, may be charged to the trust estate, where the appeal was had solely to defend the trust and protect the trustee.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

JAMES E. MILLER, and LELAND P. MILLER, for appellant.

McCORMICK & MURPHY, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Edward B. Boren prior to October, 1913, owned in fee simple the undivided one-fourth of 350 acres of farm land in Logan county. The other three-fourths were owned by Boren's brother and two sisters. On the first day of October, 1913, Boren conveyed by a deed of trust to his sister, Hannah E. Burton, his undivided one-fourth interest in the land, subject to the conditions specified that the trustee

should pay the grantor all the net income received from the land. The trust deed gave the trustee or her successor power to lease or sell the property and convey the same by proper deed and re-invest the funds in other income-producing real estate or loans and pay the net income to the grantor. The deed provided that the trust created by it should continue in force during the life of the grantor and should terminate at his death. Power was given the trustee to appoint a successor in trust, and in case she did not exercise the power a successor was to be appointed by a court having jurisdiction to do so. The fourth provision of the trust deed is as follows: "Upon the death of the said Edward B. Boren, *cestui que trust,* the trust herein created shall cease and terminate, and when said trust is terminated the trust property, as the same may exist at the death of the said Edward B. Boren, whether consisting of real or personal property, shall immediately vest in and become the property of the heirs-at-law of the said Edward B. Boren, *cestui que trust* herein, and said heirs-at-law shall be entitled to said property under the laws of descent of the State of Illinois then in force." The trustee named in the deed accepted the trust and acted as trustee until January, 1922, when she filed the bill in this case for an accounting, tendering her resignation as trustee, asking that her report as such trustee be approved and that she be discharged and her successor appointed. Boren answered the bill, admitting the correctness of the account of the trustee, consenting to her resignation, and alleging that the reversion in fee to the undivided one-fourth of the land conveyed to the trustee is in him; that the only interest conveyed by the trust deed was an estate during his life, and that no person other than the trustee and himself has any interest in the trust property. The answer avers the trustee has never exercised the power to appoint her successor and that he is competent and able to efficiently manage the property. Boren also filed a cross-bill, in which he alleged that the

only title conveyed by him by the trust deed to Hannah E. Burton was an estate for and during the life of the grantor; that he is the owner of the reversion in fee, and no other person except himself and the trustee has any right, title or interest in the trust property. The cross-bill admits the correctness of the trustee's account filed, consents to her resignation, and prays the trust be decreed terminated and the trustee required to convey the property to cross-complainant and deliver to him all property shown by her report and statement to belong to him. Boren had two children, and both were living when these proceedings were had. They were daughters, Marie Richards and Irene Hagedorn, and were made defendants to the cross-bill. They disclaimed any interest in the subject matter of the litigation, and Hannah E. Burton, the trustee, demurred to the cross-bill. The court overruled the demurrer, and she elected to abide by the demurrer. A decree was entered as prayed in the cross-bill. From that decree Hannah E. Burton has prosecuted this appeal.

Counsel for appellant argue that appellee parted with all his title and interest in the trust property by the deed to the trustee except a beneficial equitable interest during his life and that the trust cannot be terminated until his death, and when so terminated his heirs, to be then determined under the laws of descent, will become seized of the title to the trust property as purchasers under the deed of trust and not as heirs of appellee under the laws of descent. Appellee contends that the trust deed conveyed an estate to the trustee for and during the life of the grantor but the reversion in fee is in him, and that no other person than himself and the trustee have any interest in the trust property, and it was proper for the court to terminate the trust by its decree.

There can be no question that under the decisions in *Akers* v. *Clark,* 184 Ill. 136, *Biwer* v. *Martin,* 294 id. 488, and *Hobbie* v. *Ogden,* 178 id. 357, the provision in clause 4

that on the death of appellee the property should immediately vest in and become the property of his heirs entitled to it under the laws of descent conferred no estate in remainder or of any other character on the heirs of appellee, or those who would be his heirs upon his death. In the *Akers* and *Biwer cases* it was held that where a grantor conveys a life estate with a remainder over to his heirs, the heirs do not take a remainder at all. The word "heirs" will be regarded as defining or limiting the estate which the first taker has. In such case the heirs would take as reversioners by descent from the grantor and not under the deed. (1 Tiffany on Real Prop. sec. 130; 2 id. sec. 487.) The children of appellee disclaimed any interest in the property, but it is clear from the decisions they had no interest, and never will have except as reversioners by descent from appellee. No other persons being interested in the trust except appellant and appellee, the question for decision appears to be narrowed to whether the court erred in terminating the trust.

This court has held that where all the parties are capable of acting and desire a trust terminated, a court of equity may decree its determination. Appellant, the trustee in this case, does not wish to longer act in that capacity, tendered and requested the court to accept her resignation, and asked to be relieved from any further duties or responsibilities and that someone else be selected to act in her place. Appellee consents to the acceptance of appellant's resignation as trustee. So far as the interests of the children or heirs of appellee are concerned there is no obstacle in the way of a termination of the trust. Appellant contends appellee parted with all his interest by his deed to the trustee except the beneficial use of it during his life and for that reason the trust cannot be terminated. Under the decisions of this court referred to, he still has the reversion in fee, with right to grant it away. The trustee has no beneficial interest in the continuance of the trust.

This case is unlike *Lawrence* v. *Lawrence,* 181 Ill. 248, where the trust deed directed the trustee to convey the property to the heirs of the creator of the trust. The court in that case held the trustee took whatever estate was necessary to enable him to carry out the trust,—even a fee simple, if required. In the case here under consideration the trustee was not directed to convey to the heirs. Whatever estate the heirs of appellee received would be by inheritance. The trustee was not required to sell the land and distribute the proceeds, but she was given authority to sell and hold the money received in trust or re-invest it in other property on the same terms and conditions, but it was left to the judgment and discretion of the trustee whether to sell or not. Except a small tract sold by the trustee, and as to which no question is raised, the trustee has never exercised the power to sell. She is the sister of appellee and has appealed from the decree. In her brief she says she has no pecuniary interest in continuing the trust and desires to be released from its duties. She says her appeal is prosecuted solely for the purpose of defending the trust and for the protection of herself and her estate from any possible action of the heirs-at-law of appellee after his death.

Under the admitted facts in this case we are of opinion the court did not err in rendering the decree appealed from.

Appellant asks that in case the decree is affirmed the costs be ordered paid out of the trust property. The costs in the court below were so ordered paid, and we are of opinion it is right and equitable that they be so paid here. The order is that the costs of this appeal be paid out of the trust property.

The decree of the circuit court is affirmed.

*Decree affirmed.*