[S. F. No. 16076. In Bank.—November 30, 1938.]

CANNIE CASNER, Appellant, v. DAILY NEWS COMPANY, LTD. (a Corporation), et al., Respondents.

Freidenrich & Selig, Philip Selig, Jr., Francis Gill and Phillip Barnett for Appellant.

William M. Abbott, Cyril Appel, Ivores R. Dains and George M. Naus for Respondents.

THE COURT.—The defendants have made motions to dismiss the appeal of the plaintiff.

As the surviving widow of Mark Casner, the plaintiff commenced an action for damages for his wrongful death. The complaint alleges that he was struck by an automobile owned by the defendant, Daily News Company, thrown on the track of the defendant, Market Street Railway Company, and run over by one of its street cars. The plaintiff sued both corporations. The trial was commenced in April, 1937, before the court sitting with a jury. After all parties had rested each defendant made a motion for a directed verdict. Before the motion was ruled upon the plaintiff moved to dismiss the action without prejudice. This motion was granted, whereupon and on the same day, April 7, 1937, the jury was discharged. On April 26th the defendants respectively served and filed notices of motion to vacate the order of dismissal and for orders that their motions for a directed verdict be granted. These motions were granted on June 28, 1937. A formal judgment for the defendant, Market Street Railway Company, and against the plaintiff was, on written direction of the trial judge, filed on June 29th, and entered on June 30, 1937. Also a formal judgment for the defendant, Daily News Company, was, on like written direction of the trial judge, filed July 1 and entered on July 2, 1937.

On July 16, 1937, the plaintiff served and filed a notice of intention to move for a new trial, specifying all the statutory grounds. No order of the trial court disposing of this motion appears of record. It was therefore denied without order of the court under the provisions of section 660 of the Code of Civil Procedure.

On September 14, 1937, the plaintiff filed a notice of appeal: (1) from the order of June 28, vacating the order of dismissal of date April 7, 1937; (2) from the judgment entered June 30; and (3) from the judgment entered July 2, 1937. The notice also specified an appeal from the order denying the plaintiff's motion for a new trial. ■ As the order denying the motion for a new trial was not an appealable order, no further notice need be taken of the attempted appeal therefrom. However, its propriety may be inquired into on an appeal from the judgments. (Sec. 956, Code Civ. Proc.)

The transcript on appeal was filed in the District Court of Appeal. Promptly and on February 21, 1938, before the fil-

ing of briefs for the respective respondents, notices of motion to dismiss the appeal were filed by them, based on the ground that the plaintiff's appeal was taken seventy-three days after the entry of the judgments and order appealed from, and was therefore too late.

■ It is conceded that if the pendency of proceedings based on the notice of intention to move for a new trial did not toll the statute, the appeal was not taken in time, and the motions to dismiss the appeal should be granted. It is likewise conceded that if new trial proceedings were available to the plaintiff in the circumstances, the appeal from the judgments was taken in time and the motions to dismiss the same should be denied. The sole question is whether, under the facts, the plaintiff was entitled to move for a new trial.

The question must be resolved in favor of the plaintiff. When the trial court granted the plaintiff's motion to dismiss her action "without prejudice", she must be deemed to have been satisfied with that disposition of the pending action, choosing no doubt the alternative of filing another action. When, however, the defendants moved to vacate the order of dismissal of the action and this motion was granted, the plaintiff was in quite a different situation. Upon the granting of that motion the cause was then in the position of an action pending, at issue, undetermined and ready to be set for trial on motion of either party unless the effectiveness of the order granting the motion to vacate should be nullified. The order has not been disturbed. However, it is the law of the case that said order was appealable as a special order made after final judgment. (*Casner* v. *Superior Court,* 23 Cal. App. (2d) 730 [74 Pac. (2d) 298].) No appeal was taken from that order within time and the order became effective at the moment it was entered and thereafter remained in force as an effective restoration of the cause as an action pending and undetermined in said court. The plaintiff was then prevented from availing herself of the opportunity of having her cause retried by the action of the trial court in entering judgments against her on the merits. The court assumed thus formally to determine the action under the issues framed by the pleadings and the proof adduced in support thereof, but without a verdict, directed or otherwise. Whatever irregularity or illegality may have attended the

action of the trial court in ordering the entry of judgments on a directed verdict after the discharge of the jury (questions which are, of course, not here decided), it is clear that the judgments so entered effectively terminated the trial proceedings in favor of the defendants, from which determination the plaintiff was entitled to move for a new trial under the provisions of section 657 of the Code of Civil Procedure.

The situation of the parties would also seem to make available to the plaintiff the provisions of section 616 of the Code of Civil Procedure which reads as follows: ''In all cases where the jury are discharged, or prevented from giving a verdict, by reason of accident or other cause, during the progress of the trial, or after the cause is submitted to them, the action may be again tried immediately, or at a future time, as the court may direct.'' Here the jury was prevented from giving a verdict, directed or otherwise, by its discharge immediately after the order of dismissal was entered.

It is urged by the defendants that the law of the case has also been established adversely to the plaintiff by the decision of the District Court of Appeal in the proceeding entitled, *Casner* v. *Superior Court, supra,* wherein it was stated that the judgments themselves were special orders made after final judgment. That was a proceeding in *certiorari* wherein the petitioner therein, appellant herein, sought to have annulled the order of the superior court of June 28, 1937, vacating the prior order of dismissal of the action ''without prejudice'', and the judgments entered pursuant to the order of date June 30, and July 2, 1937, respectively. The writ of review theretofore issued was discharged on the ground that the order and judgments sought to be annulled were appealable under the provisions of section 963 of the Code of Civil Procedure and that therefore *certiorari* would not lie. The District Court of Appeal was supported in its decision that *certiorari* was not available by section 1068 of the Code of Civil Procedure, *Hildebrand* v. *Superior Court,* 173 Cal. 86 [159 Pac. 147]; *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317]; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803], and a further reference to cases cited in 4 Cal. Jur., Certiorari, page 1052. In other words, when it was made to appear that an order sought to be annulled was appealable, the *certiorari* proceeding was at

an end. Nothing was added in support of the discharge of the writ by the statement that the judgments were special orders made after final judgment. That they were appealable was all-sufficient for a discharge of the writ. But they were appealable because they were final judgments. They are in form final judgments on the merits, determining that the plaintiff take nothing by her action and that the defendants recover costs from the plaintiff. They were not special orders made after final judgments because they were the only judgments then in the action. They were judgments adversely affecting the substantial rights of the plaintiff and could be vacated and a new trial granted pursuant to the provisions of section 657 of the Code of Civil Procedure. The appeal from the judgments was therefore taken in time.

The appeal from the order vacating and setting aside the order of dismissal is dismissed. The motions to dismiss the appeal from the judgments are denied.

Rehearing denied.