WADE et al. v. McKEOWN et al.

No. 30754. March 2, 1943.

As Corrected on Denial of Rehearing Jan. 18, 1944.

*145 P. 2d 951.*

Turner M. King, Carloss Wadlington, and Wimbish & Wimbish, all of Ada, for plaintiffs in error.

Donald Campbell, E. O. Patterson, and C. H. March, Jr., all of Tulsa, for defendants in error.

PER CURIAM. The effect, if any, which a trust created by Clarence Wade for his sole benefit had upon his right to sell and convey an undivided one-twelfth interest in the minerals under a tract of land containing 139.7 acres, situated in Pontotoc county, is the controlling issue which this appeal presents for determination.

The tract of land involved was originally allotted to George Wade, Sr., who departed this life testate and whose last will devised said lands to his widow, Minnie Wade, and to his sons, George Wade, Jr., and Clarence Wade in equal shares. On November 4, 1933, Clarence Wade took unto himself a wife, Robbie Dee Wade, and of this union a son, Billie Dee Wade, was born. Robbie Dee Wade thereafter instituted an action against Clarence Wade for a divorce, custody of the child, and for alimony, and in said action, on October 22, 1935, obtained an order restraining Clarence Wade from alienating or encumbering his property during the pendency of said action. Thereafter, on April 14, 1936, Minnie Wade departed this life intestate and Clarence Wade by operation of law succeeded to an undivided one-fourth interest in the one-third interest in the lands which Minnie Wade had acquired by devise from her deceased husband, George Wade, Sr. Thereupon, on May 15, 1936, Clarence Wade as settlor created a trust with George Wade, Jr., as trustee, in which

he conveyed to said trustee all of the interest the settlor had acquired by devise or inheritance in and to the tract of land which had been originally allotted to George Wade, Sr. The trust so created provided that it was revocable by its creator with the written approval of the Federal Judge for the Eastern District of Oklahoma and for its automatic revocation upon the death of its creator. The trust was created for the sole benefit of its creator and was accepted by the trustee named therein and duly recorded on May 18, 1936. Almost immediately thereafter and on May 26, 1936, the said Clarence Wade, without reference to and in disregard of the trust which had been so created, proceeded to sell and convey to one Greydon Rogers an undivided one-twelfth interest in and to the minerals under the land which had theretofore been conveyed to the trustee by the aforesaid trust agreement. The said Greydon Rogers thereafter, on June 5, 1936, conveyed the interest which he had theretofore acquired to Tom D. McKeown. Thereafter, on June 15, 1936, Clarence Wade obtained a modification of the restraining order which had been theretofore entered in the divorce action between himself and Robbie Dee Wade, and by the terms of such order of modification was authorized to collect certain accumulated royalty and in the same order payment of $100 was directed to be made to the said Robbie Dee Wade. Thereafter the heirs of Minnie Wade, deceased, executed an agreement in lieu of partition proceedings whereby they divided her estate among themselves and subsequently executed transfer and division orders to the Stanolind Crude Oil Purchasing Company in which the respective interests in said estate of the several heirs were described as being one-twelfth of the one-eighth royalty interest. Thereafter Tom D. McKeown by separate deeds conveyed one-half of the interest which he had acquired from Greydon Rogers to Ralph C. Heard, B. G. Anderson, and John Boyce McKeel, which instruments were duly placed of record. Subsequently, and on March 10, 1937, George Wade, Jr., as trustee, instituted an ac-

tion to cancel the conveyance which had been made by Clarence Wade to Greydon Rogers and the conveyance which he had made to Tom D. McKeown and also the conveyances which the latter had made to the persons above named. This action was subsequently settled and dismissed and reconveyances were executed by Heard, Anderson, and McKeel to Tom D. McKeown. On July 20, 1937, Robbie Dee Wade obtained a decree of divorce from Clarence Wade and a property settlement under which she was to receive the sum of $4,250 as alimony and for which she was given the right to sue out execution. Payment of $2,250 of the amount so agreed upon was duly made, and thereafter Robbie Dee Wade caused execution to be issued under said judgment and levied upon the interest held by Tom D. McKeown in the lands here in controversy. The latter intervened in the aforesaid action and was granted a permanent injunction, as against the claim of the said Robbie Dee Wade that said interest constituted property of Clarence Wade subject to execution. On August 16, 1937, Clarence Wade departed this life intestate, and on October 23, 1937, Robbie Dee Wade filed a motion for new trial in the cause in which she had theretofore obtained a decree of divorce against the said Clarence Wade. Thereafter, on January 6, 1939, Billie Dee Wade, a minor, by his guardian, Robbie Dee Wade, instituted this action to compel a reconveyance by the trustee of the property described in the trust agreement of May 15, 1936, and to cancel the conveyance made subsequent to said date by Clarence Wade and conveyance made in pursuance thereof and to quiet title to the lands involved and to require an accounting for the oil which had been run from said premises subsequent to the date of said trust agreement. The trial court directed that the action for cancellation and to quiet title and for an accounting be docketed as a separate action, and in pursuance of said order an amended petition was subsequently filed, which was docketed under a supplemental number. Thereafter, on June 8, 1939, Robbie Dee Wade obtained a judgment vacating the decree of divorce

which she had theretofore obtained from Clarence Wade, and thereupon intervened in the action which she had theretofore instituted as guardian of Billie Dee Wade, and both individually and as administratrix of the estate of Clarence Wade, deceased, sought the same relief as plaintiff except that she asserted the right in herself to one-half interest in said estate.

The plaintiffs pleaded the creation of the trust by Clarence Wade and the recording thereof, and alleged that by reason of provisions of said instrument said Clarence Wade was thereafter without authority to deal with any of the property described in said trust agreement, and that therefore the conveyance made to Greydon Rogers was null and void and of no effect, and that conveyances subsequently made were likewise of no force and validity, and prayed that their title to the premises be quieted as against the claims of said parties, and that they have an accounting and recovery of royalty for oil which had been run from the premises. The defendant Tom D. McKeown admitted the execution of the trust and that it had been recorded, but averred that said trust had been revoked by its creator immediately after the same had been placed of record, and that his action in so doing had been acquiesced in by the trustee, and that hence such trust never had any force or effect, and further that defendant was a bona fide purchaser for value of the property which he had acquired from Greydon Rogers and entitled to protection as such, and further that the injunction which had been granted in the proceeding against Robbie Dee Wade had adjudicated that Clarence Wade had no interest in the lands involved, and that this constituted res adjudicata of any such claim. The Stanolind Crude Oil Purchasing Company pleaded, in substance, that it was a mere stakeholder and that it had disbursed the moneys to the royalty interest in the lands involved in accordance with the orders and directions of the court theretofore given in litigation which had been conducted by the parties, and that plaintiffs were not entitled to an accounting or the recovery of any moneys from such defendant. The defendants Ralph C. Heard, B. G. Anderson, John Boyce McKeel, and Greydon Rogers disclaimed any title in the premises at the date of trial. The action, being one of purely equitable cognizance, was tried to the court, and resulted in a judgment in favor of the defendants. The plaintiffs appeal and as grounds for reversal assign 15 specifications of error, which they present under the following propositions :

"The trust was a valid, enforceable trust and being on record prior to the date of the mineral deed by Clarence Wade to Greydon Rogers, no title was conveyed by the purported mineral grant by Clarence Wade to Greydon Rogers.

"A constructive trust is placed upon the property and a presumption of undue influence being used on Clarence Wade to obtain his deed stands unrebutted by the defendants.

"Plaintiffs in error are entitled to judgment against Stanolind Crude Oil Purchasing Company."

The trust here involved was one created for the sole benefit of its creator and expressly provided that it could be revoked by him with the written approval of the Federal Judge for the Eastern District of Oklahoma. The provision for approval by the federal judge of revocation of the trust by its creator was one solely for the benefit of the trustee, and if waived by him, rendered compliance with the formality unnecessary. Miller v. Exchange National Bank of Tulsa, 183 Okla. 114, 80 P. 2d 209. As said in Dunnett v. First National Bank & Trust Co., 184 Okla. 82, 85 P. 2d 281:

"It is the generally accepted rule that a trust, even though it is a 'spendthrift' trust, or one declared by the instrument creating it to be irrevocable, may be revoked upon the mutual consent of the settlor and all parties having a beneficial interest in said trust. Western Battery & Supply Co. v. Hazelett Storage Battery Co., 61 Fed. 2d 220; 46 Yale Law J. 1005; 38 A.L.R. 941, cases cited

in annotation; 91 A.L.R. 102, cases cited in annotation; Restatement of Law of Trusts, sec. 338."

The record before us shows that the trust was one in which the creator and the trustee were the sole persons interested, and that the creator of such trust elected almost immediately to treat the same as nonexistent and to deal with the property therein described as if such trust had never been created, and that the trustee made no objection to such action and by his subsequent acts and conduct treated the trust as being nonexistent. This constituted as an effective revocation of the trust as if the creator had complied with the formality therein prescribed of having the written approval by the federal judge of his act, since this latter individual is not shown to have had any possible interest in the transaction. The contention of the plaintiffs that the trust agreement precluded Clarence Wade from making the conveyance which he did to Greydon Rogers finds no support in the cases of Hill v. Hill, 49 Okla. 424, 152 P. 1122; In re Vance's Trusteeship, 102 Okla. 129, 227 P. 881; Ehret v. Price, 122 Okla. 277, 254 P. 748, and Odle v. Baskins, 190 Okla. 664, 126 P. 2d 276, cited by them, and is contrary to the rule announced in Miller v. First National Bank and Dunnett v. First National Bank & Trust Company, supra.

The contention of plaintiffs relative to the creation of a constructive trust is wholly lacking in merit. Such a trust cannot arise from presumption, but must be established by clear, unequivocal evidence. Coryell v. Marrs, 180 Okla. 394, 70 P. 2d 378; Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955; Allen v. Jones, 188 Okla. 546, 110 P. 2d 911. The competent evidence adduced at the trial failed to substantiate any basis for a constructive trust. The plaintiffs being without right to recover upon any of the theories advanced by them and having failed to show that they had any interest in the property involved, it will be unnecessary to discuss their remaining contention relative to their claim against the Stanolind Crude Oil Purchasing Company.

The action being one of purely equitable cognizance, we have carefully examined the entire record and weighed the evidence and find that the judgment is not contrary to the clear weight of the evidence, but is in accord therewith. We therefore will not disturb the judgment of the trial court.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.