[L. A. No. 20164. In Bank. Feb. 25, 1949.]

FRED H. BIXBY, JR., Appellant, v. CALIFORNIA TRUST COMPANY (a Corporation), Respondent.

Robert L. Moore, Lindstrom & Bartlett and Ralph G. Lindstrom for Appellant.

George Pinny and Dunlap, Holmes, Ross & Woodson as Amici Curiae on behalf of Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondent.

GIBSON, C. J.—Plaintiff is seeking to terminate a spendthrift trust established by him and declared to be irrevocable. The trial court construed the trust instrument as creating

remainder interests in his heirs at law and denied termination. Plaintiff has appealed contending that he is the sole beneficiary and is entitled to the relief sought.

The trust instrument provided that plaintiff settlor was to receive the income for life, and his interest was stated to be inalienable and inaccessible to creditors. It also provided that "Upon the death of said trustor and beneficiary . . . all of the residue and remainder of said Trust Estate shall be . . . distributed and delivered to the heirs at law [of the trustor] in accordance with the laws of succession of the State of California then in effect. . . ."

Where the trustor is the sole beneficiary no problem arises of defeating the trust against the trustor's wishes, and it has been held that, even where the trust instrument contains spendthrift provisions, he can compel termination in the absence of a showing of incapacity or other reason why he should not be permitted to exercise control over his property. (See *Weymouth* v. *Delaware Trust Co.*, —— Del. ch. —— [45 A.2d 427] ; *Burton* v. *Boren*, 308 Ill. 440 [139 N.E. 868]; *Fidelity & Columbia Trust Co.* v. *Williams*, 268 Ky. 671 [105 S.W.2d 814] ; *Stephens* v. *Moore*, 298 Mo. 215 [249 S.W. 601] ; *Wade* v. *McKeown*, 193 Okla. 415 [145 P.2d 951] ; *O'Brien* v. *Holden*, 104 Vt. 338 [160 A. 192] ; Rest., Trusts, § 339 ; 3 Scott on Trusts [1939] § 339 ; Griswold, Spendthrift Trusts [1947], pp. 576, 577 ; 37 Yale L.J. [1927] 1076.) In the present case plaintiff was under no disability, and there was no showing of any facts which would justify a refusal to terminate if he was the sole beneficiary. On the other hand, if remainder interests were created in plaintiff's heirs, they were also beneficiaries, and the court could not terminate the trust without their consent. (*Eakle* v. *Ingram*, 142 Cal. 15 [75 P. 566, 100 Am.St.Rep. 99] ; *Scrivner* v. *Dietz*, 84 Cal. 295, 297 [24 P. 171] ; *Hellman* v. *McWilliams*, 70 Cal. 449, 453 [11 P. 659] ; see *Estate of Madison*, 26 Cal.2d 453, 465 [159 P.2d 630] ; 38 A.L.R. 941; 91 A.L.R. 102; 131 A.L.R. 457.) Accordingly, the question presented for decision is whether the trust instrument created remainder interests in the heirs at law.

When the trust instrument specifies that the income shall be paid to the trustor for life and provides that on his death the trust property shall be distributed to his heirs at law, it is generally held that no remainder interests are created and that the trustor is the sole beneficiary and retains a reversionary interest in the trust corpus. (*Doctor* v. *Hughes*,

225 N.Y. 305 [122 N.E. 221]; *Burton* v. *Boren*, 308 Ill. 440 [139 N.E. 868]; *Bottimore* v. *First & Merchants Nat. Bank*, 170 Va. 221 [196 S.E. 593]; *Stephens* v. *Moore*, 298 Mo. 215 [249 S.W. 601]; *Dunnett* v. *First Nat. Bank & Trust Co. of Tulsa*, 184 Okla. 82 [85 P.2d 281]; *Fidelity Union Trust Co.* v. *Parfner*, 135 N.J.Eq. 133 [37 A.2d 675]; *Fidelity & Columbia Trust Co.* v. *Williams*, 268 Ky. 671 [105 S.W.2d 814]; see note 125 A.L.R. 548-590; 1 Scott on Trusts [1939] p. 656; Rest., Trusts, § 127, com. a.)

The rule established by the above decisions has been justified upon the theory that such a result carries out the usual intention of the trustor, and it applies unless a contrary intent is manifested. (See *Doctor* v. *Hughes*, 225 N.Y. 305 [122 N.E. 221, 223]; *Fidelity Union Trust Co.* v. *Parfner*, 135 N.J.Eq. 133 [37 A.2d 675, 678]; *Dunnett* v. *First Nat. Bank & Trust Co. of Tulsa*, 184 Okla. 82 [85 P.2d 281, 283, 284]; Rest., Property, § 314, com. a; Rest., Trusts, § 127, com. a; 1 Scott on Trusts [1939] p. 656-657; *cf.*, 1 Simes, The Law of Future Interests [1936] § 147; see, also, cases collected in 125 A.L.R. 555-558.) It is said that where a person creates a life estate in himself with a gift over to his heirs he ordinarily intends the same thing as if he had given the property to his estate; that he does not intend to make a gift to any particular person but indicates only that upon his death the residue of the trust property shall be distributed according to the general laws governing succession; and that he does not intend to create in any persons an interest which would prevent him from exercising control over the beneficial interest. (See Rest., Property, § 314, com. a; 1 Scott on Trusts [1939] p. 657.) Moreover, this rule of construction is in accord with the general policy in favor of the free alienability of property, since its operation tends to make property more readily transferable. (See Rest., Property, § 314, com. a; 1 Simes, The Law of Future Interests [1936] p. 265.) The same result was reached in the early common law as an outgrowth of the doctrine of "worthier title," which, for reasons based on feudal law and having no counterpart in the modern law of property, preferred passage of title to heirs by descent rather than by purchase. (See 125 A.L.R. 553; 1 Scott on Trusts [1939] p. 657; 1 Simes, The Law of Future Interests [1936] § 147.)

In the present case there is nothing which shows an intent on the part of plaintiff to create remainder interests in his heirs at law or to justify a departure from the usual

rule of construction. Accordingly, the trial court erred in construing the trust instrument as creating such interests.

Defendant contends that the cases of *Gray* v. *Union Trust Co.*, 171 Cal. 637 [154 P. 306], and *Bixby* v. *Hotchkis*, 58 Cal. App.2d 445 [136 P.2d 597], are in conflict with this conclusion. These cases, however, are distinguishable and are not controlling here. In the Gray case the instrument provided that the trust property should go to the trustor's heirs according to the law of succession in effect at the time the trust was created. The opinion pointed out that, if a change in the laws of succession occurred, no one of those persons might be entitled to take as an heir at the time of death, and, thus, the trustor had indicated an intent to create an interest in a special class of persons and not to provide, as in the present case, merely for succession by the general class of persons who would take at death under the laws relating to intestacy. (See 1 Scott on Trusts [1939] p. 659.) In the Bixby case the trust instrument provided that the trust should last for 20 years and that, if the trustor should die prior to the expiration of that period, the trust property should go to the trustor's heirs in accordance with the law of succession "then in effect." The court construed this provision to mean that the heirs were to be determined according to the law at the end of the 20-year period and held that the instrument indicated an intent to create remainder interests. As so interpreted, the situation presented was analogous to that in the Gray case and is likewise distinguishable. Unless the trust instrument there involved is so construed, the result is contrary to the weight of authority and the view we have adopted here.

Plaintiff also appeals from an order denying his motion to set aside a minute order granting judgment for defendant, and from an order denying his motion for new trial. Neither is an appealable order, and the appeals therefrom are dismissed. (See *Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 43 [162 P.2d 8]; *Casner* v. *Daily News Co., Ltd.*, 12 Cal.2d 402, 404 [84 P.2d 1032].)

The judgment is reversed.

Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., did not participate herein.

CARTER, J.—I concur in the judgment but believe that the cases of *Gray* v. *Union Trust Co.*, 171 Cal. 637 [154 P. 306],

and *Bixby* v. *Hotchkis,* 58 Cal.App.2d 445 [136 P.2d 597], should be overruled, and that our decision in this case should be based upon a sounder ground.

As I read the opinion of the Chief Justice, his reasoning follows this pattern: Where a trust is created by the trustor, with the income to be paid to the trustor for life, and on his death the corpus is to be distributed to the heirs of the trustor under the laws of intestate succession in effect at the time of his death, the instrument is to be construed as *not creating a remainder in the trustor's heirs.* His principal reason for that construction is that it will be presumed that such was the trustor's intention.

As I see it the main reason for such rule of construction springs from considerations of public policy which compels its application to cases of this character. Some of the results flowing from such a rule are that the trust may be terminated by the trustor although declared to be irrevocable (as in the case at bar), and the trustor may defeat any claim of his heirs by devising the property by will to others. Those results are desirable and stem from the well-established principle that the courts look with disfavor upon the "tying up" of property for long periods of time without any concomitant proper economic interest being served. That policy against "tying up" property is manifest. (See Civ. Code, § 715; 20 Cal.Jur. 1033 et seq.) Therefore, I believe it may be said that the rule has adequate basis.

Accepting that as the basis, there is no foundation left for *Gray* v. *Union Trust Co., supra,* or *Bixby* v. *Hotchkis, supra.* In the Gray case it was apparently accepted that in a case such as we have here the rule would apply, but it did not apply there because the heirs were to be determined by the intestate succession law *as of the date of the trust instrument* rather than the date of the trustor's death, and in the Bixby case the test date was the time the trust terminated by its terms, that is, at the end of 20 years. I can see no valid reason for a different rule to be applied in those cases. The time at which the laws of succession were to be examined to ascertain the heirs according to the trust instrument is not sufficient to show an intent by the trustor to create a remainder in the heirs. I do not believe, therefore, that these cases can be realistically distinguished and cannot agree with the decision of the Chief Justice in his attempt to do so. They should be overruled.